[No. A038494. First Dist., Div. Four. Apr. 12, 1988.]

COUNTY OF SANTA BARBARA et al., Plaintiffs and Appellants,
v.
DAVID R., Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald

E. Niver and Josanna Berkow, Deputy Attorneys General, for Plaintiffs and Appellants.

Harvey Sohnen and Page & Sohnen for Defendant and Respondent.

## OPINION

**ANDERSON, P. J.**—In this case we examine the right of a putative father to recover attorney fees for the successful defense of a paternity/reimbursement action initiated by the district attorney. We conclude that the trial court erred in awarding attorney fees to respondent David R. under authority of Civil Code[1] section 7011.[2]

Victoria H. received aid to families with dependent children (AFDC) (Welf. & Inst. Code, § 11200 et seq.) for the support of her son, Damon H. In May 1981 the County of Santa Barbara, and the County of Santa Barbara on behalf of Damon (collectively county), filed a complaint against respondent for child support and reimbursement of welfare funds under Welfare and Institutions Code section 11350[3] and section 248.[4] Respondent answered the complaint and moved successfully for a change of venue. In May 1986 respondent moved to dismiss the action for lack of prosecution pursuant to Code of Civil Procedure section 583.310. The following month, the county also filed a request for dismissal of the action without prejudice which the clerk entered as requested by the county. Thereafter respondent's motion to dismiss was granted and a judgment of dismissal was entered in September 1986.

[1] Unless otherwise indicated, all statutory references are to the Civil Code.

[2] Section 7011 is part of the Uniform Parentage Act (§ 7000 et seq., hereafter UPA). It provides that in an action to establish a father-child relationship, "The court may order reasonable fees of counsel, experts, and the child's guardian ad litem, and other costs of the action and pretrial proceedings, including blood tests, to be paid by the parties in proportions and at times determined by the court."

[3] Welfare and Institutions Code section 11350 creates a cause of action for reimbursement of funds paid to support a child in favor of the county against a noncustodial parent who has deserted or separated from his or her child.

[4] Section 248 is part of the Uniform Civil Liability for Support Act, section 241 et seq. (hereafter Support Act). It reads as follows: "The obligee may enforce his right of support against the obligor and the county may proceed on behalf of the obligee to enforce his right of support against the obligor. Whenever the county furnishes support to an obligee, it has the same right as the obligee to whom the support was furnished, for the purpose of securing reimbursement and of obtaining continuing support. *The right of the county to reimbursement shall be subject to any limitation otherwise imposed by the law of this state.* The court may order the obligor to pay the county reasonable attorney fees and court costs in any proceeding brought by the county pursuant to this section." (Italics added.)

The trial court rendered its decision on respondent's motion for attorney fees after receiving supplemental briefing on our modified opinion in *City and County of San Francisco* v. *Ragland* (1987) 188 Cal.App.3d 1375 [234 Cal.Rptr. 327]. Nevertheless, when discussing its decision with the litigants, the trial court referred to the original premodified opinion. The county now contends the trial court erred in awarding attorney fees to respondent because (1) attorney fees are not recoverable following a voluntary dismissal; (2) there is no statutory basis for awarding attorney fees in the present case.

## I

■ It is axiomatic that, absent statutory authority or an agreement, attorney fees are not recoverable as costs. (Code Civ. Proc., § 1021.) ■ The "prevailing party" to an action is entitled as a matter of right to recover costs, including attorney fees authorized by statute. (Code Civ. Proc., §§ 1032, subd. (b), 1033.5, subd. (a)(10).) Code of Civil Procedure section 1032, subdivision (a)(4) defines "prevailing party" as encompassing a "defendant in whose favor a dismissal is entered . . . ." The voluntary dismissal of a complaint is a "dismissal" within the meaning of Code of Civil Procedure section 1032. (*Catello* v. *I.T.T. General Controls* (1984) 152 Cal.App.3d 1009, 1012, fn. 4 [200 Cal.Rptr. 4].)

■ Regardless of whether reference is made to the judgment of dismissal entered by the trial court or the voluntary dismissal submitted by the county, respondent was a "prevailing party" in this action and, as such, was entitled to attorney fees if there exists a statutory basis for awarding them. However, we find such statutory basis lacking and must reverse the award.

## II

In *Ragland,* we held that section 7011 of the UPA authorizing an award of attorney fees applied to a county's action against a putative father to establish paternity and recoup AFDC payments where (1) the complaint, without invoking specific statutory authority, sought relief, all of which the UPA authorizes, and (2) the procedural steps pursued by the county demonstrated that the action was prosecuted pursuant to both the Welfare and Institutions Code *and* the UPA.[5] (*City and County of San Francisco* v. *Ragland, supra,* 188 Cal.App.3d at pp. 1381-1382.) In reaching our conclusion, we observed that section 7006, subdivision (g), specifically authorizes the district attorney to bring a paternity action on the county's own behalf,

---

[5]For example, in resisting defendant's motion for change of venue, the county in *Ragland* argued that it was seeking to establish paternity *pursuant to the UPA;* further, it also specifically relied on section 7011 when it sought attorney fees in moving for an order for blood tests. (*City and County of San Francisco* v. *Ragland, supra,* 188 Cal.App.3d at 1381.)

and under Welfare and Institutions Code sections 11475.1 and 11476 the district attorney is *mandated* to bring paternity and support suits where the custodial parent is receiving AFDC. (*Id.* at p. 1383.) We also determined that under both the UPA and Welfare and Institutions Code section 11350 et seq., the issue of paternity must be decided first because it is a sine qua non to imposition of liability for support payments. (*Id.* at p. 1384.) However, we stopped short of holding that section 7011 authorizes recovery of attorney fees by the successfully defending putative father where the proceedings are predicated solely upon Welfare and Institutions Code section 11350 et seq.

In the present case, the action explicitly was brought pursuant to Welfare and Institutions Code section 11350 and section 248 of the Support Act and, as in *Ragland,* all of the relief sought could also be obtained under the UPA. However, unlike *Ragland,* nothing in this record indicates that the county relied on the UPA in prosecuting the action. Respondent urges that equitable principles of fairness nonetheless support the award of fees in this case. He particularly is concerned that since plaintiff has sole discretion to label the complaint, courts ought to view the underlying nucleus of facts in determining the substance of the lawsuit "with a view to substantial justice between the parties," quoting from Code of Civil Procedure section 452 which mandates that pleadings be liberally construed. Nonetheless where, as here, the complaint is devoid of any reference to the UPA and the county never relied on any of its provisions in prosecuting this action, we cannot find that section 7011 of the UPA somehow becomes operative to provide the requisite statutory authority to support the attorney fee award.

Respondent contends the requisite authority can be found in the language and construction of section 248 of the Support Act itself, a section pursuant to which (as well as Welf. & Inst. Code, § 11350) the county instituted its proceedings against respondent. In enforcing child support obligations, the county may proceed under either statute. (*County of Yolo* v. *Francis* (1986) 179 Cal.App.3d 647, 650, fn. 3 [224 Cal.Rptr. 585].) Under the principles of subrogation enunciated in section 248, the county steps into the shoes of the obligee and where the county has furnished support to the obligee, it is entitled to enforce the obligor's child support obligations by securing reimbursement and obtaining continuing support. To the extent that denial of paternity is a defense to the county's complaint, as in the present case, paternity becomes an issue under a section 248 action.

Respondent asserts that because section 248 of the Support Act specifically subjects the county's right to reimbursement ". . . to any limitation otherwise imposed by the law of this state," this phrase opens up that section to the rights granted to paternity defendants by other statutes—

especially the right to attorney fees in the discretion of the trial court following the successful defense of a paternity/reimbursement action under the UPA.

We find this argument less than persuasive. First, to state the obvious, the putative father's "right" to attorney fees under section 7011 exists only by virtue of, and is dependent upon, the UPA cause of action. It is not an independent right that attaches anytime a putative father defends against an allegation of paternity. Second, the county's cause of action under the UPA is separate and distinct from its cause of action under section 248.

■ We further observe that while section 248 of the Support Act specifically authorizes the court to order the obligor (alleged father) to pay reasonable attorney fees and costs incurred by the county, it is "silent" as to alleged father's rights to such fees and costs in the event he prevails. As mentioned previously, the county steps into the shoes of the obligee in a section 248 action and, under the Family Law Act (§ 4000 et seq.), made applicable to the county's action by virtue of section 242 of the Support Act,[6] the prevailing party is entitled to attorney fees. (§ 4370.) However, the Legislature has precluded a county from being assessed attorney fees in lawsuits such as the present action. The 1981 amendment to section 4370 of the Family Law Act specifically provides that the court may order any party *other than a governmental entity* to pay attorney fees. (§ 4370.)

We realize that in other contexts the Legislature itself has recognized that substantial justice between the parties can only be achieved by treating both parties equally when it comes to attorney fees. Indeed, section 7011 of the UPA provides for mutuality of attorney fees in paternity actions prosecuted under the UPA. (See also § 1717 regarding reciprocal awards of attorney fees when fees are provided unilaterally by contract.) Nevertheless, the Legislature has determined otherwise with respect to support actions. It appears to have established the overriding public purpose of encouraging prosecution of support/reimbursement actions against dilatory, noncustodial parents. However unfair and inconsistent we perceive this legislative determination to be from the point of view of the incorrectly alleged parent who prevails, we conclude that under our tripartite system of government such a determination is within the province of the legislative branch—a

---

[6]Section 242 of the Support Act provides that the duty of the obligor is subject to various provisions of the Family Law Act concerning the support of children. Specifically, section 242 reads in pertinent part: "Every individual shall support his or her . . . child. . . . The duty imposed by this section shall be subject to the provisions of Chapter 2 (commencing with § 4720) of Title 5 of Part 5 of Division 4 [the Agnos Child Support Standards Act of 1984] and Sections 196, 206, 246, 4700 [re: orders for child support], 4700.1 [re: modification of child support awards], 4700.5 [re: requirement of revealing receipt of or intention to apply for public assistance], . . . 4700.9 [re: support for adult children]. . . ."

determination with which we may not tamper. (See Cal. Const., art. III, § 3.) As Justice Stanley Mosk has stated so eloquently, "As a judge, I am bound to the law as I find it to be and not as I might fervently wish it to be." (*In re Anderson* (1968) 69 Cal.2d 613, 635 [73 Cal.Rptr. 21, 447 P.2d 117] [conc. opn. of Mosk, J.].)

The judgment is reversed. Costs awarded to appellants.

Channell, J., concurred.

**POCHÉ, J.**—I join in the majority opinion and all of its rationale except the dictum regarding a perception my colleagues share of unfairness and inconsistency on the part of the statutory law of this state. The only inconsistency or unfairness I can find is that the statutes given us by the Legislature and the Governor do not remedy all social ills and in particular not all losers are required to pay the outlays for attorney fees incurred by the winners. Unlike my colleagues I do not fervently wish that the statutory law be amended in this area and even if I did, I see no need to communicate such suggestions by way of dicta in the official advance sheets. Since neither any alleged unfairness nor inconsistency in the statutory scheme is before us I see no reason to comment thereon.