[No. B032198. Second Dist., Div. Three. July 17, 1989.]

In re the Marriage of PETRA and WALTER F. MENA.
WALTER F. MENA, Appellant, v.
PETRA MENA, Respondent.

## COUNSEL

Calabro, Calabro & Calabro and A. J. Calabro for Appellant.

Ira Reiner, District Attorney, Donald J. Kaplan, Sterling S. Suga and Rodolfo Aguirre, Deputy District Attorneys, for Respondent.

## OPINION

KLEIN, P. J.—Appellant Walter F. Mena (Walter) appeals an order vacating two child support orders.

Because respondent County of Los Angeles (the County), as assignee of Petra Mena's (Petra) right to collect child support, was entitled to notice of the proceedings at which those orders were made, the order appealed from is affirmed.

### FACTUAL & PROCEDURAL BACKGROUND[1]

The essential facts are not in dispute.

---

[1] Due to gaps in the record on appeal, we have taken judicial notice of the superior court file. (Evid. Code, §§ 452, subd. (d), 459.)

On January 29, 1985, Walter filed a petition for dissolution of his marriage to Petra seeking custody of the two minor children of the marriage, ages two and one-half and six. The following day, he filed an order to show cause (Walter's OSC) re custody and visitation.

On February 26, 1985, Petra filed a response requesting dissolution, sole physical custody of the children and child support. The hearing was held the same day. Petra was awarded custody and the trial court issued an order directing Walter to pay Petra $175 per child per month, for a total of $350 per month, continuing until further order of the court.

On February 28, 1985, Petra was approved for aid to families with dependent children (AFDC).

On March 14, 1985, Petra filed an order to show cause (Petra's OSC) requesting an increase in child support to $225 per child per month, or a total of $450 per month. No notice of either OSC was served upon the district attorney. The matter was heard April 2, 1985, and resulted in an order after hearing filed April 30, 1985, providing for support in the amount of $125 per child per month, for a total of $250 per month.[2]

The district attorney became aware of the child support order, and on July 2, 1985, filed a declaration in this action pursuant to Welfare and Institutions Code section 11477, subdivision (a).[3, 4]

On August 2, 1985, the district attorney obtained an assignment order directing Walter's employer to withhold child support in the amount of $250 plus a $5 service charge, and to remit that sum to the office of the court trustee. On August 27, 1985, the sheriff's department personally served Walter with the assignment order.

Following a contested proceeding on April 21, 1986, judgment of dissolution was filed May 20, 1986. The judgment provided in substance: Walter and Petra were awarded joint legal custody, and were to have physical

---

[2] Although Walter's OSC was ruled on at the hearing of February 26, 1985, which hearing preceded Petra's approval for AFDC, the trial court's order filed April 30, 1985, indicates the April 2, 1985, hearing covered both Walter's OSC and Petra's OSC.

[3] Welfare and Institutions Code section 11477, subdivision (a), provides that as a condition of eligibility for aid, a recipient's support rights are assigned to the county by operation of law, and the county may become an assignee of record by the district attorney's filing with the court clerk an affidavit showing there has been an assignment by operation of law.

[4] Civil Code section 4702, subdivision (a), provides that where a court has made a support order for the maintenance of minor children of a welfare recipient, the court shall direct the district attorney to appear on behalf of the welfare recipient in any proceeding to enforce the support order.

custody on alternate weeks. Commencing May 1, 1986, Walter was ordered to pay child support to Petra in the sum of $100 per child, per month, or a total of $200. Commencing July 1, 1986, support payments were to increase to $250 per month, until further order of the court.

No notice of trial or judgment was served upon the district attorney.

On August 31, 1987, Walter filed a motion to correct the judgment nunc pro tunc as of May 20, 1986, to provide that the step-up in child support to the $250 level was to commence on July 1, 1987, instead of July 1, 1986. The motion was supported by the declaration of Walter's attorney, and was served upon the district attorney.

On October 9, 1987, the district attorney filed a motion to vacate the child support orders (1) in the order after hearing on the orders to show cause, filed April 30, 1985, and (2) in the May 20, 1986 judgment. In a supporting memorandum of points and authorities, the district attorney argued: as a condition of Petra's receipt of AFDC, she assigned her rights to receive child support to the County on February 28, 1985, and any modification of child support during the period of assignment was void because the County had been denied notice and the opportunity to be heard.

Walter's opposition papers contended: the existing orders were valid; the April 30, 1985, order was made before the County filed an assignment of rights; the order made May 20, 1986, followed a contested trial wherein both parties appeared and were represented by counsel; further, the County was aware of the trial because Irene Marie Navarra (Navarra), the eligibility supervisor for the department of public social services, testified as a witness regarding the benefits being received by Petra.

The County responded that in the event its motion to vacate were denied, Walter's motion to correct the judgment nunc pro tunc should be granted.

The matter was heard October 27, 1987. The trial court ruled in substance: Petra was a recipient of AFDC effective February 28, 1985. The County was an assignee of Petra's child support rights by operation of law, and the district attorney was not required to give notice of the assignment. Because any modification of child support required notice to the County as assignee, the modifications of April 30, 1985, and May 20, 1986, were challengeable. The County's motion to vacate those orders therefore was granted.

Walter thereafter appealed.

CONTENTIONS

Walter contends: (1) the hearing on his OSC took place on February 26, 1985, two days before Petra was approved for AFDC, so notice to the County was not required on his OSC filed January 30, 1985; (2) at that stage he lacked knowledge that Petra had filed for welfare and he thus was in no position to provide the County with notice; (3) if the County became an indispensable party on February 28, 1985, the law must provide some statutory notice to advise the obligor parent of the duty to notify the district attorney; (4) the County easily can ascertain whether it is an indispensable party in a dissolution action by asking the applicant seeking public assistance; (5) notice to the County was not required because the hearings held February 26, 1985, and April 2, 1985, as well as the April 21, 1986 trial, were not proceedings aimed at reducing or suspending his obligation to pay child support; and (6) the district attorney had knowledge of the dissolution action by mid-1985, estopping the County from challenging the lack of formal notice of the dissolution trial.

The County avoids most of Walter's arguments on the ground Walter's brief fails to provide authorities in support of his contentions. In sum, the County urges the trial court's vacation of both modification orders was proper because from the moment a party becomes a recipient of welfare assistance, the County by operation of law becomes an assignee of the child support obligations owed to the custodial parent; because the assignment is by operation of law, notice to the obligor is not required; and, the lack of notice to the County of the two modification hearings resulted in the absence of an indispensable party and prevented the trial court from rendering an effective order.

DISCUSSION

1. *County assignee as indispensable party is entitled to notice of application for modification of child support order.*

Civil Code section 248, adopted in 1955 as part of the Uniform Civil Liability for Support Act, provides in part "[w]henever the county furnishes support to an obligee, it has the same right as the obligee to whom the support was furnished, for the purpose of securing reimbursement and of obtaining continuing support."

42 United States Code section 602(a)(26)(A), found within the subchapter dealing with AFDC grants to the states, requires a state plan for aid and services to needy families with children must provide that as a condition of eligibility for aid, the welfare applicant or recipient shall assign to the state

any rights to support which have accrued at the time such assignment is executed.

To conform to the federal statute, in 1975 the California Legislature enacted Welfare and Institutions Code section 11477. (*In re Olivia A.* (1986) 181 Cal.App.3d 237, 240-241 [226 Cal.Rptr. 382].) To reiterate, Welfare and Institutions Code section 11477 provides in relevant part: "As a condition of eligibility for aid paid under this chapter, each applicant or recipient shall: [¶] (a) Assign to the county any rights to support from any other person such applicant may have in their own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at the time such assignment is made. Receipt of public assistance under this chapter shall operate as an assignment by operation of law."

Code of Civil Procedure section 389, subdivision (a)(2)(i), provides if a person claims an interest relating to the subject of the action, and is so situated that the disposition of the action in said person's absence may as a practical matter impair or impede the person's ability to protect that interest, then the person is an indispensable party.[5]

*In re Marriage of Lugo* (1985) 170 Cal.App.3d 427, 433 [217 Cal.Rptr. 74], observed a county furnishing AFDC benefits has both a statutory right to reimbursement from the primary obligor for benefits already provided and a statutory right to reimbursement for ongoing support. (Civ. Code, § 248.) The *Lugo* court therefore concluded in any legal proceeding which "seeks to diminish or impair those statutory rights," the county is an indispensable party. (*Ibid.*)[6]

---

[5]Under the pre-1971 law, an indispensable party had to be joined in the action; until and unless such party was, the court had no jurisdiction to proceed with the case. In 1971, Code of Civil Procedure section 389 was amended to require joinder of persons materially interested in an action whenever feasible. When joinder cannot be accomplished, the circumstances must be examined and a choice made between proceeding with or dismissing the action. The adequacy of the relief that may be granted in a person's absence and the possibility of prejudice to either such person or the parties before the court are factors to be considered in making this choice. However, a person is regarded as indispensable only in the conclusory sense that in his absence the court has decided the action should be dismissed. Where the decision is to proceed, the court has power to make a legally binding adjudication between the parties properly before it. (See Cal. Law Revision Com. com.—1971 amend., foll. 14 West's Ann. Code Civ. Proc. (1973 ed.) § 389 [Deering's Ann. Code Civ. Proc. (1972 ed.) § 389].)

[6]*Lugo* observed that where the level of county aid to the custodial parent exceeds the amount of the obligor parent's child support payment, the custodial parent had no real incentive to contest the obligor's modification motion. (*In re Marriage of Lugo, supra,* 170 Cal.App.3d at p. 436.)

Here, the district attorney contended the provision in the judgment for a step-down in child support to $200 per month for a 14-month period was for the purpose of equalizing the parties' division of community property at taxpayer expense.

■ Due to its status as an indispensable party, a county assignee is entitled to notice of an application for an order modifying child support, consonant with the provisions of the Code of Civil Procedure relating to the giving and service of notice of motions in civil actions. (*In re Marriage of Lugo, supra,* 170 Cal.App.3d at pp. 433-434; Code Civ. Proc., § 1003 et seq.)

*Lugo* held an applicant's failure to provide the county with a statutory written notice of a motion to suspend child support payments had the effect of the county not being bound by a trial court order granting the application. (*In re Marriage of Lugo, supra,* 170 Cal.App.3d at p. 434.)

*2. County became an indispensable party on February 28, 1985, and from that time was entitled to notice of proceedings re child suport.*

■ Applying the above principles to this fact situation, as a condition of Petra's eligibility for AFDC benefits, her right to collect child support was assigned to the County on February 28, 1985, by operation of law. The County thereupon became an indispensable party with regard to subsequent proceedings relating to child support.

■ Walter attempts to distinguish *Lugo* on the ground neither the April 2, 1985, hearing on Petra's OSC for increased support, nor the April 21, 1986, trial of the dissolution action, were proceedings which sought "to diminish or impair" support rights (*In re Marriage of Lugo, supra,* 170 Cal.App.3d at p. 433), so that notice to the County of those proceedings was not required.

It is true neither Petra's OSC nor the trial were proceedings which were brought for the purpose of diminishing or impairing child support rights. However, at each of those proceedings, the level of child support was in issue. Further, each proceeding had the *potential* for reduced support, and in both instances a reduction was in fact ordered, first from $350 per month to $250, and then to $200. Accordingly, *Lugo* must be read as requiring notice to the county assignee of *any* proceeding which may affect the county's interest as an assignee of a welfare recipient's child support rights.

Walter further seeks to differentiate *Lugo* on the ground the instant orders were pendente lite, not permanent orders. The distinction is without import. It is a county's status as assignee and indispensable party, not the phase of the proceedings, which gives rise to the notice requirement.

Walter also complains the Legislature has failed to enact laws as to which party is to notify the district attorney that the County is an indispensable

party to the action. The objection is unpersuasive. ■ It is established the notice provisions of the Code of Civil Procedure govern an application for an order modifying child support. (*Forslund* v. *Forslund* (1964) 225 Cal.App.2d 476, 484-485 [37 Cal.Rptr. 489]; *Parker* v. *Parker* (1974) 43 Cal.App.3d 610, 613 [117 Cal.Rptr. 707]; *In re Marriage of Lugo, supra,* 170 Cal.App.3d at p. 434; Cal. Rules of Court, rule 1206.) Under the code, the moving party serves notice of motion upon adverse parties. (Code Civ. Proc., § 1010.) ■ In this context, the party seeking modification of support has the duty to give notice to the County.

Walter next urges he was not required to serve the County with notice of *Petra*'s OSC. While that is correct, it does not alter the infirmity of an order made in the County's absence. As for Walter's contention he did not immediately learn Petra had applied for welfare, suffice it to say a moving party seeking modification of a child support order must be charged with knowledge of the custodial parent's resort to welfare assistance.

■ Walter attempts to estop the County from complaining of the lack of notice of trial based on the August 2, 1985, assignment order obtained by the district attorney requiring payment through the court trustee. Estoppel requires some affirmative representation or acts by the public agency or its representatives inducing reliance by the claimant. (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 480-481 [58 Cal.Rptr. 249, 426 P.2d 753].) Walter fails to point to any such affirmative act or representation on the part of the County.[7]

We also reject Walter's related argument the County was obligated, from the time it obtained the assignment order, to remain familiar with the proceedings in the dissolution action and to apprise itself of the setting of a trial date. The argument flies in the face of an adverse party's right to receive notice of trial. (Code Civ. Proc., § 594.)

Moreover, the doctrines of estoppel and laches will not be applied against a county when to do so would defeat a policy adopted for the benefit of the public, namely, a county which provides public assistance to a custodial parent and children shall have the right to reimbursement from the primary obligor. (*In re Marriage of Lugo, supra,* 170 Cal.App.3d 436; *In re Marriage of Kelley* (1986) 186 Cal.App.3d 613, 620-621 [231 Cal.Rptr. 6]; compare *In*

---

[7] Further, the County's earlier filing of the declaration re assignment pursuant to Welfare and Institutions Code section 11477 and its obtaining of the assignment order constituted a general appearance in this action. (Code Civ. Proc., § 1014; 2 Witkin (3d ed. 1985) Jurisdiction, § 141, pp. 522-523.) After appearing, the County was entitled under Code of Civil Procedure section 1014 to notice of all subsequent proceedings of which notice was required to be given.

*re Marriage of Smith* (1989) 209 Cal.App.3d 196, 203-204 [257 Cal.Rptr. 47].)[8]

■ Lastly, Walter's reliance on social worker Navarra's participating in the trial as a witness to cure the lack of notice similarly is unavailing. ■ It is settled that where the adverse party appears at trial, the lack of formal notice is immaterial. (*Elliano* v. *Assurance Co. of America* (1975) 45 Cal.App.3d 170, 175 [119 Cal.Rptr. 653]; 7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 80, p. 82.) ■ Navarra, however, was present in court not to represent the County but merely to testify as a witness. Accordingly, Navarra's presence at trial does not cure the failure to provide the County with notice of trial.

## CONCLUSION

Once a county becomes an assignee of a welfare recipient's child support rights by operation of law, the county must be given notice of any proceeding which may affect its interest as assignee.

## DISPOSITION

The order is affirmed.

Each party to bear respective costs on appeal.

Danielson, J., and Croskey, J., concurred.

On August 15, 1989, the opinion was modified to read as printed above.

---

[8] We are aware Civil Code section 4701.1, adopted in 1987, allows an obligor parent allegedly in arrears to employ a laches defense to resist a motion requiring the parent to deposit assets for the purpose of securing future support payments. (Civ. Code, § 4701.1, subd. (a)(4)(B).) We decline to read the section as giving rise to a broader laches defense against a county assignee's claims.