[No. H006626. Sixth Dist. Mar. 16, 1990.]

AUDINE TAYLOR, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
DAVID JACOB, Real Party in Interest.

COUNSEL

Robin Yeamans for Petitioner.

No appearance for Respondent.

Jacoby & Myers and Elizabeth Saint Ives for Real Party in Interest.

## Opinion

**BAMATTRE-MANOUKIAN, J.**—Proceeding in mandate. Petitioner, Audine Taylor, filed an action in respondent superior court seeking to compel the real party in interest, David Jacob, to post security for payment of child support. The superior court sustained Jacob's demurrer on the ground that Taylor lacks standing to sue because she is presently receiving welfare payments from the County of Santa Clara (the County) and has consequently assigned to the County her right to receive child support payments. Taylor seeks a writ of mandate directing the respondent superior court to overrule the demurrer. The issue is whether Taylor's assignment of her support rights to the County divests her of standing to ask the family law court to order Jacob to give reasonable security for payment of a child support order. We hold that Taylor does have standing, concurrently with the County, to request such relief, and further, that the right of appeal is not an adequate remedy in this case. Accordingly we will issue the writ as prayed.

### Record

Audine Taylor, petitioner, is the mother of two children and is presently receiving aid to families with dependent children (AFDC) benefits from the County of Santa Clara. She is divorced from the father, David Jacob, who is presently incarcerated. At the time of the divorce, the court ordered child support for the two children, which had allegedly not been paid, and some $7,596 in arrearages existed.

Jacob's father recently died, leaving Jacob an inheritance of $100,000. The County of Santa Clara filed a creditor's claim in the estate for the support arrearages.

By statute, Taylor is required to, and she did, assign to the County as a condition of receiving welfare benefits her rights to support "which have accrued at the time such assignment is made." (Welf. & Inst. Code, § 11477, subd.(a).)

Taylor filed a complaint for declaratory relief against Jacob to establish a lien against his inheritance. Taylor sued both the executor of the estate and Jacob but did not name the County of Santa Clara as a party. However, the County has joined in Taylor's petition and declares to this court that it had notice of the proceeding from the beginning and appeared and filed points and authorities therein requesting that the inheritance be placed in a trust account. Jacob demurred to the complaint on the ground of lack of capacity to sue, and the respondent court sustained the demurrer on that ground

without leave to amend. The order stated that only the County has the capacity to sue Jacob with regard to the payment of child support and the collection of arrearages.

## DISCUSSION

When it awards child support, the family law court may require the ordered parent to "give reasonable security therefor" upon a showing of good cause. (Civ. Code, § 4700, subd. (a)(1).) Another statute governs the procedure of ordering a deposit of assets; prerequisite to this procedure is a showing of past arrearages, and the amount of the deposit is limited to $6,000. (Civ. Code § 4701.1, subds. (a), (c).)

At least two decisions have affirmed the power of the family law court to order a supporting spouse to provide reasonable security to insure the payment of court ordered support, under a parallel statute for spousal support, Civil Code section 4801, subdivision (a), which contains identical language as does section 4700, subdivision (a)(1) regarding the provision of security for support. (See *Rosenthal* v. *Rosenthal* (1961) 197 Cal.App.2d 289, 316 [17 Cal.Rptr. 186] [former law]; *In re Marriage of Johnson* (1982) 134 Cal.App.3d 148, 162-163 [184 Cal.Rptr. 444] [reversing imposition of such a lien because it was of indefinite duration and amount].)

■ Here we are not yet concerned with the necessity or propriety of an order requiring reasonable security for child support; we are concerned with the preliminary issue of Taylor's standing to raise the point. We believe the trial court erred in deciding that Taylor lacked standing.

First, Taylor's assignment of support rights to the County, by the terms of the statute, is not an assignment of all future rights, but is rather an assignment of her rights which have *accrued* at the time of the assignment, i.e., past due obligations. (See Welf. & Inst. Code, § 11477.) Neither this statute nor any other statute of which we are aware divests Taylor of the right to seek security for *future* obligations. The County has a concurrent right to sue for reimbursement for child support paid, but that right is not stated to be exclusive as to future obligations or as to the right to seek security. (See Welf. & Inst. Code, § 11350.)

Further, there exist many independent procedures to enforce child support rights which are completely separate from the County's right to sue for reimbursement for child support pursuant to Welfare and Institutions Code section 11350, and there is authority that these different procedures are cumulative rather than mutually exclusive. For instance, in *County of Los Angeles* v. *Superior Court* (1980) 102 Cal.App.3d 926, 929-930 [162

Cal.Rptr. 636], the court characterizes as separate (1) an action under the Uniform Parentage Act for child support (Civ. Code, § 7000 et seq.) and (2) an action for child support under Welfare and Institutions Code, section 11350. This decision held that the fact that the Uniform Parentage Act permits the district attorney to sue to enforce rights under that statute in the interests of justice (Civ. Code, § 7006, subd. (g)) does not change the separate nature of a county's cause of action for reimbursement of child support; the district attorney sues under the Uniform Parentage Act in the interest of a party. (*Id.* at p. 929; cf. *City and County of San Francisco* v. *Ragland* (1987) 188 Cal.App.3d 1375, 1383 [234 Cal.Rptr. 327].[1]) If the existence of a county's cause of action does not destroy the standing of the district attorney to sue in a separate action on behalf of a party, we think it would be inconsistent to hold that the county's right of reimbursement in this case destroys Taylor's separate right to sue to compel Jacob to post security for payment of future child support.

Also, Civil Code section 196a declares a parental duty of child support and says a civil suit may be maintained to enforce such obligations on behalf of a minor child. This statute does not limit in any way the parties who can bring such a suit. It must follow that Taylor's standing to bring such a suit on her children's behalf cannot have been lost because the County has reimbursement rights. Her children's right to support is enforceable in different ways under different statutes, and nowhere has the Legislature seen fit expressly to abridge these rights in a case where one of the parents is receiving aid.

Taylor may not be receiving aid forever. Both the County and Taylor jointly have an interest in establishing a lien for security for child support against the inheritance, and the court has the power to make such an order upon a proper showing.

Had the County not been made a party to the action, the trial court, instead of sustaining a demurrer, could have permitted Taylor to amend her

---

[1] The decision in *City and County of San Francisco* v. *Ragland* could be said to disagree with the *County of Los Angeles* decision in that *Ragland* contains language disavowing the "separate and distinct" nature of causes of action under the two codes (Welf. & Inst. Code, § 11350, and the Uniform Parentage Act (UPA), Civ. Code, § 7000 et seq.). (*City and County of San Francisco* v. *Ragland, supra*, 188 Cal.App.3d at p. 1383.) However the *Ragland* case made this statement in the context of its holding that attorneys fees could be properly awarded when authorized under the UPA and when the underlying action could be characterized as brought under either statutory scheme. Later the same justice who authored *Ragland* reaffirmed the separate nature of the two actions, in denying attorneys fees when the action could only be characterized as one under the Welfare and Institutions Code, where no authority to award fees exists. (*County of Santa Barbara* v. *David R.* (1988) 200 Cal.App.3d 98, 102-103 [245 Cal.Rptr. 836].)

complaint by joining the County as a necessary party.[2] The demurrer improperly rested on lack of capacity when it should have rested on a defect of misjoinder of parties (Code Civ. Proc., § 430.10, subd. (d)), a defect curable by amendment. To grant a demurrer on the ground of lack of standing or lack of capacity was error. Taylor does not lack capacity; she shares with the County the right to establish a security lien for the interests of her children. In any case, it appears that here even amendment was not necessary, in light of the County's joinder in Taylor's action from the beginning.

 Appeal is not an adequate remedy because the estate allegedly will be dissipated before the appeal can be resolved. Preliminary issues of standing and capacity to sue are most efficiently resolved at the outset of a lawsuit. (See, e.g., *Bales* v. *Superior Court* (1942) 21 Cal.2d 17, 24 [129 P.2d 685] [compelling the trial court to allow petitioner to participate in proceedings to determine heirship].)

Jacob alleges that he has never been shown to be in default as to support payments, because he is incarcerated and has no earnings, and therefore there can be no security deposit order under Civil Code section 4701.1. However, (1) that statute is not the exclusive repository of power of the family law court to provide for security for child support, see authorities cited *supra*, and Civil Code section 4700, subdivision (a)(1); and, (2) even if it were, the trial court erred in sustaining a demurrer to Taylor's complaint, because the issue of whether Jacob has been in default is factual and not resolvable on the pleadings, and further because, as we have stated, Taylor's standing is the point in issue.

## DISPOSITION

Real party in interest has been notified that a peremptory writ in the first instance could be issued here, and he has filed opposition. The peremptory writ of mandate will issue in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a writ of mandate issue as prayed directing respondent court to vacate its order sustaining the demurrer of real party in interest and to

---

[2] As the County here alleges, it is an indispensable party because this action inevitably affects its rights of reimbursement of child support. (See Code Civ. Proc., § 389, subd. (a)(2)(i) [person claiming interest in subject of action is indispensable party when action may impair or impede his interest]; *In re Marriage of Mena* (1989) 212 Cal.App.3d 12 [260 Cal.Rptr. 314]; *In re Marriage of Lugo* (1985) 170 Cal.App.3d 427, 433 [217 Cal.Rptr. 74] [county assignee of child support rights entitled to notice of application for modification of child support].) Its interests in this regard have been properly respected.

make a new and different order overruling that demurrer. Petitioner shall have costs in this proceeding.

Premo, Acting P. J., and Elia, J., concurred.