Filed 4/2/15  Nathaniel D. v. Kristy W. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NATHANIEL D. III, | B254960 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BF047416) |
| v. | |
| KRISTY W., | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, David S. Cunningham III, Judge.  Affirmed.

Nathaniel D. III, in pro. per., for Plaintiff and Appellant,

No appearance for Defendant and Respondent.

_____

# INTRODUCTION

Father Nathaniel D. appeals from the court's order finding that Mother Kristy W. would be the primary caregiver of the child and from an order denying his motion to stay Mother's request for child support. Father contends that the trial court erred when it refused to take testimony from Father and his witnesses at the custody hearing, when it refused to find that Mother's request for child support was barred by res judicata or claim preclusion, and when it denied Father's request to issue a statement of decision upon denying Father's request to stay the child support hearing. We conclude that the trial court did not abuse its discretion as it had good cause to refuse the testimony. As to the trial court's decision denying Father's motion to stay the child support hearing, res judicata and collateral estoppel were inapplicable and the court was not required to issue a statement of decision on this motion. We affirm on all grounds.

# FACTS AND PROCEDURAL BACKGROUND

Father and Mother have a five-year-old child together and are unmarried. Although they lived together for the first three years of the child's life, Mother moved out of the home with the child in 2012. Father brought the present petition requesting joint custody and visitation in April 2013. In support of his petition, Father submitted his own declaration as well as declarations from 23 individuals, which attested to Father's positive relationship with the child and spoke negatively about Mother. At the hearing regarding child custody and visitation, the expert child custody evaluator, Mother, and one of Father's witnesses testified. The court refused to hear testimony from Father because he appeared by phone rather than video, and testimony from Father's sister because it was cumulative. The court awarded primary physical custody to Mother and ordered Father to have weekend visitation several times per month. The court also ordered the parents to share legal custody, but gave Mother final decision making power in the event of a conflict between the parents.

Subsequently, Father moved to stay Mother's request for orders regarding child support, arguing that the amount he owed in child support had already been adjudicated in an action brought by the Los Angeles County Child Support Services Department. While waiting for the court to complete its hearings regarding Mother's request for orders as to child support, the County of Los Angeles initiated an action against Father to recover child support, because as a recipient of welfare, Mother had assigned her rights to past and present child support to the County of Los Angeles. The court denied Defendant's motion and refused to issue a statement of decision as to the motion to stay, which Father had requested.

## DISCUSSION

Father contends that the trial court erred when it refused to take testimony from Father and his witnesses, when it refused to find that Mother's request for child support was barred by res judicata or claim preclusion, and when it denied Father's request to issue a statement of decision upon denying Father's request to stay the child support hearing. We review custody and visitation orders for abuse of discretion. (*Ragghanti v. Reyes* (2004) 123 Cal.App.4th 989, 995-996.) The family law court is vested with discretion to receive evidence and, where necessary, take a matter off calendar and continue it. (See *Lammers v. Superior Court* (2000) 83 Cal.App.4th 1309, 1327; see Fam. Code, § 217, subd. (b) [In making a custody determination, the court has discretion to refuse to receive live testimony for good cause.].) We review the family court's exercise of its discretionary authority for abuse of discretion. (See *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 995.) Under this deferential standard, we must uphold the trial court's ruling as correct on any legitimate basis. (*Ragghanti,* at pp. 995–996.) "The issue whether collateral estoppel applies is itself a question of law, which question we review de novo." (*Jenkins v. County of Riverside* (2006) 138 Cal. App. 4th 593, 618.)

3

In reviewing any order or judgment we also start with the presumption that the judgment or order is correct, and if the record is silent we indulge all reasonable inferences in support of the judgment or order. (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 556–557.) It is the appellant's burden to demonstrate error, and provide adequate citation to the record, and to present reasoned argument with citation to supporting legal authorities. (*Id*. at p. 557.) Even where error is established, we will only reverse where it is reasonably probable that absent the error, the appellant would have obtained a more favorable result. (*Ibid.*)

**1.      *The Court Did Not Abuse Its Discretion in Refusing to Hear Testimony From Father and Father's Non-Party Witnesses***

Father argues that the trial court committed reversible error when it refused to hear testimony from Father and from his witnesses at the custody hearing in violation of Family Code section 217. To the extent that Family Code section 217 requires the court to receive "any live, competent testimony that is relevant and within the scope of the hearing," it also requires the party seeking to present live testimony to serve a witness list prior to the hearing, and vests the trial court with discretion to refuse to receive live testimony for good cause. (Fam. Code, § 217, subds.(a)–(c); see also *Chalmers v. Hirschkop* (2013) 213 Cal.App.4th 289, 313.)

When determining whether to refuse live testimony, the court must consider the rules of evidence as well as: "(1) Whether a substantive matter is at issue--such as child custody, visitation (parenting time), parentage, child support, spousal support, requests for restraining orders, or the characterization, division, or temporary use and control of the property or debt of the parties; [¶] (2) Whether material facts are in controversy; [¶] (3) Whether live testimony is necessary for the court to assess the credibility of the parties or other witnesses; [¶] (4) The right of the parties to question anyone submitting reports or other information to the court; [¶] (5) Whether a party offering testimony from a non-party has complied with Family Code section 217(c); and [¶] (6) Any other factor that is just and equitable." (Rules of Court, rule 5.113, subd. (b).)

4

### a.    *Exclusion of Father's Testimony*

Here, Father's counsel first proffered testimony from Doris Feely, the child's alleged nanny, and from Father.  The court heard testimony from Feely.  Then, the court did not permit Father to testify because the proper arrangements were not made for Father to testify remotely.  Due to Father's physical disability, he was not able to attend court in-person.  At previous hearings, Father appeared via video conference with the court, and the court indicated that this method of appearing was appropriate for providing testimony.  Yet, at the custody hearing, Father appeared via court call, without video.  Mother's counsel objected to Father's testimony by way of phone, and the court refused to hear testimony without live video.  The court explained that the problem with taking testimony over the phone is that the court cannot confirm the identity of the witness, ascertain whether someone is feeding the witness answers, or assess the witness's demeanor.  The court made the point that Father was permitted to testify, but not over the phone.  The court concluded that "[t]he problem with [Father] testifying is that he is not physically present and the appropriate accommodations for him have not been made."

Under Evidence Code section 780, "the court . . . may consider in determining the credibility of a witness any matter that has any tendency in reason to prove or disprove the truthfulness of his testimony at the hearing, including . . . [¶] (a) [h]is demeanor while testifying and the manner in which he testifies."  As the Supreme Court has stated, "a witness's 'demeanor is always relevant to credibility.' [Citations.]" (*People v. Scott* (2011) 52 Cal.4th 452, 493; accord *Jordan v. O'Connor* (1950) 99 Cal.App.2d 632, 641 ["The manner of the witness in testifying may impress the court with a doubt as to the accuracy of his statement and influence it to disregard the witness' positive testimony as to a particular fact.  It is the province of the trial court to determine what weight shall be given to the testimony of any witness."].)  Determining the credibility of a witness and assigning weight to testimony is an essential function of the finder of fact when hearing testimony.  Without the ability to perform those basic functions, or even verify the witness' identity, the court cannot properly evaluate the evidence.  We thus conclude that

5

the court had good cause to exclude Father's phone testimony based on the court's inability to judge Father's demeanor and credibility, or confirm his identity.

### b.      *Exclusion of Non-Party Testimony*

Next, Father argues that the court improperly prevented him from introducing testimony from "his mother and other family members and friends, [who were] outside the courtroom, waiting to testify." Yet, at the hearing, Father's counsel indicated that Father's mother, who was in the courtroom, would not be testifying. Outside of Father and Feely, the only additional witness Father's counsel offered was Father's sister. Counsel stated that the sister would testify to "whether or not [Father] exerted undue influence upon [Mother]." The court informed counsel that the undue influence argument was unpersuasive and did not carry weight. The court stated: "What is important for the court is who is going to take care of this child and under what circumstances and who is most likely to provide this child with appropriate care so that both parties have appropriate access to this child." Father's counsel then proposed that the sister would testify to the strong relationship between Father and the child. The court told counsel that such testimony would be cumulative. Father's counsel then indicated that he did not have any other witnesses to call and submitted on the evidence already produced to the court.

We conclude the court did not abuse its discretion in refusing to hear testimony from Father's sister. We read Family Code section 217, subdivision (a)'s requirement that the court receive "any live, competent testimony that is relevant and within the scope of the hearing," in tandem with the rules of evidence, particularly Evidence Code section 352. (Rules of Court, rule 5.113, subd. (b) [stating that a court must consider the rules of evidence in making a finding of good cause to exclude live testimony under Family Code section 217]; see *In re Romeo C.* (1995) 33 Cal.App.4th 1838,1845 [The mandate in Welfare and Institutions Code section 706 for the juvenile court to consider all " 'relevant and material evidence that may be offered' " is not literal or absolute, but rather is subject to the court's appropriate exercise of discretion and must be read in conjunction with Evidence Code section 352.].) Under Evidence Code section 352, subdivision (a), "The

6

court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time . . . ." It is well established that trial courts "must exercise their discretion to exclude under Evidence Code section 352 evidence that is unduly cumulative." (*People v. Brady* (2010) 50 Cal.4th 547, 583; *Douillard v. Woodd* (1942) 20 Cal.2d 665, 669 ["A trial judge is not bound to allow cumulative testimony upon the same point"].)

Here, the trial court properly exercised its discretion to exclude the sister's testimony as cumulative evidence. As the court noted, Feely testified to the strong bond between Father and the child. Additionally, Father submitted his own declaration in addition to declarations from 23 individuals, spanning over 140 pages of the record, which attested to Father's positive relationship with the child and denied that Father had undue influence over Mother. The testimony from Father's sister, who we note had already submitted a declaration on behalf of Father that attested to Father's positive relationship with the child, would have been clearly cumulative. We thus conclude that the court did not abuse its discretion in excluding the sister's testimony in the interest of judicial efficiency.

Moreover, there is no evidence in the record that Father complied with Family Code section 217, subdivision (c), which requires the party seeking to present live testimony of non-parties to serve a witness list prior to the hearing. This too weighs against finding an abuse of discretion in excluding the testimony from Father's non-party witnesses.

For all of these reasons, we conclude that the court established good cause to exclude the testimony. Therefore, we find no reason to reverse the trial court's order.

## 2. *Mother's Request For Child Support Was Not Barred by Res Judicata or Collateral Estoppel*

Father asserts that the court erred in not granting his request to stay or take off calendar Mother's pending request for an order regarding child support. Father asserted below and again argues on appeal that Mother's request was barred by res judicata and that Mother was collaterally estopped from attacking a prior judgment on this issue of

7

support.  Our Supreme Court in *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788 explained:  " 'As generally understood, "[t]he doctrine of *res judicata* gives certain *conclusive effect to a former judgment* in subsequent litigation involving the same controversy." [Citation.]  The doctrine "has a double aspect." [Citation.]  "In its primary aspect," commonly known as claim preclusion, it "operates as a bar to the maintenance of a second suit between the same parties on the same cause of action.  [Citation.]" [Citation.]  "In its secondary aspect," commonly known as collateral estoppel, "[t]he prior judgment . . . 'operates' " in "a second suit . . . based on a different cause of action . . . 'as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.'  [Citation.]" [Citation.]  "The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same:  (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.  [Citations.]" ' [Citation.]" (*Id*. at p. 797.)

Here, Mother commenced the hearing regarding an order for child support on July 25, 2013.  The court heard evidence but ran out of time to complete the hearing, and continued it to February 2014.  In August 2013, the Los Angeles County Child Support Services Department initiated an action against Father to recover child support from Father, because as a recipient of welfare, Mother had assigned her rights to past and present child support to the County of Los Angeles.  The hearing on the County's action occurred in December 2013, and Mother did not appear because she did not receive notice of the hearing.  Based on evidence of income submitted by Father, the court ordered that Father was to pay $0.00 in monthly child support.  Father asserts that this order adjudicated the issue of child support, and that Mother is estopped from litigating her child support claim.

We disagree because the County's claim was not identical to Mother's claim for support. Mother's "assignment of support rights to the County, by the terms of the statute, is not an assignment of all future rights, but is rather an assignment of her rights which have *accrued* at the time of the assignment, i.e., past due obligations. (See Welf. & Inst. Code, § 11477.) Neither this statute nor any other statute of which we are aware divests [Mother] of the right to seek security for *future* obligations. The County has a concurrent right to sue for reimbursement for child support paid, but that right is not stated to be exclusive as to future obligations or as to the right to seek security. (See Welf. & Inst. Code, § 11350.)" (*Taylor v. Superior Court* (1990) 218 Cal.App.3d 1185, 1188.) Thus, Mother's and the County's causes of action can coexist without implicating res judicata or collateral estoppel. Where the County sought to obtain payment for past support in obtaining the December order, Mother, on the other hand, sought to establish Father's liability for future support payments. The claims and issues in the County's action and Mother's action are clearly different.

Furthermore, the Family Code expressly states that an order of child support "may be modified or terminated at any time as the court determines to be necessary." (Family Code § 3651, subd. (a).) Mother is not precluded from seeking modifications of support orders, and can petition for modification even after the court has made a determination regarding the amount of child support. On this basis as well, res judicata and collateral estoppel would be improper to apply under these circumstances.

In sum, we conclude that the circumstances of this case clearly did not satisfy the prerequisite elements for asserting res judicata or collateral estoppel as Mother's action is not identical to that brought by the County. In addition, this aspect of Father's appeal stems from an interlocutory order and is not proper for appeal. We therefore affirm the court's denial of Father's motion to stay the support proceedings.

9

### *3.    A Statement of Decision Was Not Required*

Father also asserts that the court erred in refusing to issue a statement of decision as to the motion to stay or take off calendar the hearing regarding child support. "Code of Civil Procedure section 632 requires the trial court to issue a statement of decision 'upon the trial of a question of fact' when it receives a request therefor by a party appearing at trial. In general, however, section 632 applies when there has been a trial followed by a judgment. [Citation.] It does not apply to an order on a motion. [Citation.] This is true even if the motion involves an evidentiary hearing and the order is appealable. [Citation.]" (*In re Marriage of Askmo* (2000) 85 Cal.App.4th 1032, 1040 (*Askmo*).) Here, the hearing on Father's motion to stay or take off calendar the child support hearing did not involve a trial, nor was it followed by a judgment. As such, the court was not required to issue a statement of decision. (See *Ibid*. ["Since the proceeding on respondent's order to show cause was not a trial and was not followed by a judgment, under the general rule, the trial court was not required to issue a statement of decision."].)

"Exceptions to the general rule [regarding when to issue a statement of decision] have been created for special proceedings. [Citation.] In determining whether an exception should be created, the courts balance ' "(1) the importance of the issues at stake in the proceeding, including the significance of the rights affected and the magnitude of the potential adverse effect on those rights; and (2) whether appellate review can be effectively accomplished even in the absence of express findings." [Citation.]' [Citation.]" (*Askmo, supra,* 85 Cal.App.4th at p. 1040.) Yet, Father neither argues that this proceeding was special such that it warranted a statement of decision, nor provides us with authority for that principle. Nonetheless, this proceeding does not satisfy the two prong test required to create an exception because appellate review of this issue can be and was effectively accomplished here. An exception to the general rule for issuing statements of decision is thus inapplicable.

Based on the foregoing, we affirm because the court was not required to issue a statement of decision.

10

## DISPOSITION

The orders are affirmed.  We award no costs on appeal as Respondent Kristy W. failed to appear.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



KITCHING, J.

I concur:



EDMON, P. J.



ALDRICH, J.

11