[Civ. No. 22831. Third Dist. Mar. 8, 1984.]

ERNEST CATELLO et al., Plaintiffs, v.
I.T.T. GENERAL CONTROLS, Defendant and Appellant;
LIBERTY MUTUAL INSURANCE COMPANY,
Intervener and Respondent.

**COUNSEL**

Mackenroth, Seley, Chaffin & Anwyl and Claudia J. Robinson for Defendant and Appellant.

Thompson & Michel and Thomas B. Spaulding for Intervener and Respondent.

**OPINION**

**COUZENS, J.**\*—Defendant appeals from the trial court's order striking its cost bill submitted following the voluntary dismissal of a complaint in intervention. We will reverse.

FACTS

Ernest Catello was injured when an oven exploded at his place of employment. He filed a complaint for personal injuries against I.T.T. General Controls (I.T.T.) as manufacturer of the defective oven. Thereafter, Liberty Mutual Insurance Company (Liberty Mutual), the workers' compensation carrier for Catello's employer, filed its complaint in intervention to recover some $31,000 in benefits paid Catello.[1]

---

\*Assigned by the Chairperson of the Judicial Council.

[1]Liberty Mutual additionally sought recovery of some $2,600 in property damage. Liberty Mutual also insured the employer for property loss and became subrogated to the insured when the damages were paid.

On the first day of trial, Liberty Mutual dismissed its complaint, advising the court that it had reached a lien agreement with Catello. The action proceeded to trial as between the original parties, the jury ultimately returning a verdict in favor of defendant I.T.T.

I.T.T. submitted its cost bill against Liberty Mutual as to those items incurred while the insurance company was in the case. ▮ ▮▮▮▮▮ The trial court granted Liberty Mutual's motion to strike the entire cost bill. I.T.T. appeals.[2]

## DISCUSSION

▮ This appeal raises the issue of whether a defendant is entitled to costs as a matter of course pursuant to Code of Civil Procedure section 1032, subdivision (b), when a plaintiff in intervention voluntarily dismisses its complaint. For reasons hereinafter set forth, we conclude the defendant is entitled to costs attributable to that period of time when the plaintiff in intervention was a party to the principal action.

▮ It is well settled that the awarding of costs to a successful litigant is strictly a creature of statute. (*Williams* v. *Atchison etc. Ry. Co.* (1909) 156 Cal. 140, 141 [103 P. 885]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 80, p. 3242.) The right of defendant to recover costs in the present litigation turns on the interpretation of Code of Civil Procedure section 1032: "[C]osts are allowed of course [¶] . . . [t]o the defendant . . . as to whom the action is dismissed."[3] ▮ ▮▮▮▮ ▮ It is not disputed that Liberty Mutual voluntarily dismissed its complaint.[4] The sole question

---

[2]An order granting or denying a motion to tax costs, made after final judgment, is reviewable on appeal. (*Lacey* v. *Bertone* (1949) 33 Cal.2d 649, 654 [203 P.2d 755]; *Jimenez* v. *City of Oxnard* (1982) 134 Cal.App.3d 856, 858, fn. 3 [184 Cal.Rptr. 864].)

[3]Code of Civil Procedure section 1032 provides, in relevant part:

"In the superior court, except as otherwise expressly provided, costs are allowed of course:

"(a) To a plaintiff upon a judgment in his favor; in an action for the recovery of real property; in an action to recover the possession of personal property; in an action for the recovery of money or damages; in a special proceeding; in an action which involves the title or possession of real estate or the legality of a tax, impost, assessment, toll, or municipal fine.

"(b) To the defendant upon a judgment in his favor in special proceedings and in the actions mentioned in subdivision (a) of this section, or as to whom the action is dismissed. When there are several defendants in any action mentioned in subdivision (a) of this section, not united in interest, and making separate defenses by separate answers, and plaintiff fails to recover judgment against all, the court must award costs to such of the defendants as have judgment in their favor."

[4]"Dismissal" within the meaning of section 1032 includes voluntary dismissal. (*International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218, 221 [145 Cal.Rptr. 691, 577 P.2d 1031].)

is whether a dismissal of a complaint in intervention is a dismissal of "the action" within the meaning of section 1032.

■ We begin our analysis by noting that section 1032 was designed to assure a proper allocation of costs dependent upon the outcome of litigation. Accordingly, a defendant is entitled to its costs if the complaint is unfounded, just as much as a successful plaintiff is entitled to its costs. It is not enough, however, that costs should be awarded solely on the final judgment in the action. To so limit recovery would permit an unscrupulous plaintiff with only a marginal chance at recovery and investing only the filing fee to commence an action, forcing the opposing party to engage in expensive discovery, only to dismiss the action prior to final judgment when it appeared the case was sinking, Titanic-like, beneath the waves of overwhelming adverse evidence. Undoubtedly, it was with this evil in mind that the Legislature included an award of costs to the defendant when the plaintiff voluntarily dismissed its action.

Having the purposes of section 1032 in mind, we now turn to the role of an intervener. ■ "An intervention takes place when a third person is permitted to become *a party* to an action or proceeding between other persons . . . ." (Italics added.) (Code Civ. Proc., § 387, subd. (a).[5]) ■ The purpose of allowing intervention is to protect others potentially affected by a judgment, thus obviating delay and multiplicity of suits. (*People* v. *Superior Court (Good)* (1976) 17 Cal.3d 732, 736 [131 Cal.Rptr. 800, 552 P.2d 760]; *County of San Bernardino* v. *Harsh California Corp.* (1959) 52 Cal.2d 341, 346 [340 P.2d 617].) ■ The intervener becomes a party to the action, with all of the same procedural rights and remedies of the

---

[5]Code of Civil Procedure section 387 provides:

"(a) Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared in the same manner as upon the commencement of an original action, and upon the attorneys of the parties who have appeared, or upon the party if he has appeared without an attorney, in the manner provided for service of summons or in the manner provided by Chapter 5 (commencing with Section 1010) Title 14 of Part 1. A party served with a complaint in intervention may within 30 days after service move, demur, or otherwise plead to the complaint in the same manner as to an original complaint.

"(b) If any provision of law confers an unconditional right to intervene or if the person seeking intervention claims an interest relating to the property or transaction which is the subject of the action and that person is so situated that the disposition of the action may as a practical matter impair or impede that person's ability to protect that interest, unless that person's interest is adequately represented by existing parties, the court shall, upon timely application, permit that person to intervene."

original parties. (*Bowles* v. *Superior Court* (1955) 44 Cal.2d 574, 588 [283 P.2d 704]; *People* v. *Perris Irrigation District* (1901) 132 Cal. 289, 290-291 [64 P. 399]; *Drinkhouse* v. *Van Ness* (1927) 202 Cal. 359, 371 [260 P. 869].) "Upon being permitted to intervene, the intervenor is to be regarded as a plaintiff or as a defendant in the action (unless he seeks something adversely to both) according as is the party for whose success he seeks to intervene . . . ." (*Boskowitz* v. *Thompson* (1904) 144 Cal. 724, 729 [78 P. 290]; *Timberidge Enterprises, Inc.* v. *City of Santa Rosa* (1978) 86 Cal.App.3d 873, 879 [150 Cal.Rptr. 606].)

Interveners have been held liable for costs incurred after they joined the litigation when judgment has been entered against them. (*Mann* v. *Superior Court* (1942) 53 Cal.App.2d 272, 280 [127 P.2d 970]; *People* v. *Campbell* (1902) 138 Cal. 11, 23 [70 P. 918]; *Whitten* v. *Dabney* (1915) 171 Cal. 621, 632-633 [154 P. 312].) Given the purpose of section 1032 and the role of the intervener previously discussed, we see no reason to establish a different rule when the complaint in intervention is voluntarily dismissed prior to final judgment.[6] It is of no consequence that the original action was prosecuted to its conclusion after dismissal of the complaint in intervention. The intervener here aligned itself with the original plaintiff. ■ The voluntary dismissal of an action by one of several plaintiffs creates liability for costs, even though the balance of the action proceeds to trial. (*Spreckels* v. *Spreckels* (1916) 172 Cal. 789, 790 [158 P. 543].)

We also reject Liberty Mutual's contention that in reality it was only seeking recovery from Catello; i.e., that its action only affected what Catello was able to receive since it was merely exercising one of the options authorized by the Labor Code[7] for recovery of workers' compensation benefits paid. First, we decline to carve out an exception to the general rule when the intervention is based on the assertion of workers' compensation rights. Second, the argument only relates to the determination of which of the original parties, if any, is aligned with the intervener. Here, Liberty Mutual filed a complaint against I.T.T. for the recovery of $31,000 in benefits paid and $2,600 in property damage. It incorporated the essential charging allegations of Catello's complaint. Although a complaint in intervention does not create an independent action (*Rhode* v. *National Medical*

---

[6]In our examination of defendant's cost bill, for example, we note it is claiming $13,921.46 as allowable costs. Over one-half of the costs were readily identifiable as being incurred in connection with expert witnesses listed by Liberty Mutual. The fact that Liberty Mutual dismissed the action rather than complete the trial had little or no effect on the costs incurred.

[7]A workers' compensation carrier is authorized to attempt recovery of benefits paid either through the maintenance of an independent action (Lab. Code, § 3852), intervention in the employee's action (Lab. Code, § 3853), or assertion of lien rights in the employee's recovery (Lab. Code, § 3856, subd. (b).)

*Hosp.* (1979) 93 Cal.App.3d 528, 537-538 [155 Cal.Rptr. 797]), the complaint at issue would have survived the dismissal of the main action since it sought affirmative relief from defendant. (*Klinghoffer* v. *Barasch* (1970) 4 Cal.App.3d 258, 261-262 [84 Cal.Rptr. 350]; *Bogardus* v. *Santa Ana W. G. Assn.* (1940) 41 Cal.App.2d 939, 951-952 [108 P.2d 52].) Clearly, Liberty Mutual was assuming the posture of a plaintiff in the traditional sense.[8]

We hold, therefore, that for the purposes of allocating costs pursuant to section 1032, parties in intervention are either entitled to an award of costs or may be held liable for costs in the same manner as the original parties. Liability for costs will be fixed in any given case by determining the intervener's alignment with the original parties and will be limited to those costs incurred while the intervener was a party to the action.

The judgment (order) is reversed and the matter is remanded to the trial court for a determination of those costs properly allowable.

Blease, Acting P. J., and Carr, J., concurred.

---

[8]We recognize that a plaintiff in intervention may be required to assume a somewhat secondary role in the litigation. (*Mann* v. *Superior Court, supra,* 53 Cal.App.2d at pp. 280-281; *Smith* v. *Trapp* (1967) 249 Cal.App.2d 929, 936-937 [58 Cal.Rptr. 229].) We feel that any such limitations, however, are far outweighed by the rights an intervener does have. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 206, p. 1878.)