[No. F007409. Fifth Dist. Aug. 3, 1987.]

STEVEN ROBERT SANTOS, Plaintiff and Appellant, v.
CIVIL SERVICE BOARD OF THE CITY OF FRESNO, Defendant
and Respondent;
CITY OF FRESNO, Real Party in Interest and Respondent.

**COUNSEL**

Nicholas F. Reyes for Plaintiff and Appellant.

C. William Brewer, Acting City Attorney, and Edwin A. Oeser, Assistant City Attorney, for Defendant and Respondent and for Real Party in Interest and Respondent.

OPINION

BALLANTYNE, J.—

### INTRODUCTION

On April 26, 1984, Steven Robert Santos filed a petition for writ of mandate to compel the City of Fresno Civil Service Board to reinstate him as an employee. The city asserted that Santos was an incompetent employee. He contended that he was terminated for racial reasons and in retaliation for political activities.

The city refused to pay the substantial costs for preparing the reporter's transcript of Santos's civil service hearings. Santos filed a motion to order transcription of the administrative hearings. The trial court found that Santos was an indigent pursuant to Government Code section 68511.3 and ordered the city to pay the initial transcription costs.

On April 14, 1986, Santos voluntarily dismissed the entire action. Two days later the city attorney filed a judgment in favor of the respondent city which had been signed by the court on April 15, 1986. The city attorney then served and filed a notice of entry of judgment on April 16, 1986. On April 18, 1986, the city attorney served and filed a memorandum of costs for the preparation of the administrative transcript in the amount of $12,301.80.

Santos failed to file a motion taxing costs. On May 14, 1986, the court signed a judgment awarding the city its costs in the sum of $12,301.80.

On appeal Santos challenges the trial court's judgment primarily on the ground that because his dismissal was voluntary, there could be no prevailing party as a matter of law. Santos further contends that the trial court signed the judgment without first noticing a motion to Santos. These contentions are meritless and we will affirm the judgment for the reasons discussed below.

### DISCUSSION

#### IS THERE A PREVAILING PARTY WHERE THE PETITIONER HAS VOLUNTARILY DISMISSED ITS CASE IN A CODE OF CIVIL PROCEDURE SECTION 1094.5 PROCEEDING?

■ Santos tries to draw a parallel between costs awarded pursuant to Code of Civil Procedure section 1094.5 actions and an award of attorney's

fees in regular civil actions pursuant to Civil Code section 1717. In *International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031], the California Supreme Court held that a plaintiff's voluntary dismissal of an action does not create an entitlement to attorney's fees even where costs would be allowed under Code of Civil Procedure section 1032. The court reasoned that unlike Code of Civil Procedure section 1032, Civil Code section 1717 had no express provision for recovery of fees after a voluntary dismissal. (*Id.* at p. 222.)

The Legislature later amended Civil Code section 1717 to codify the *Olen* rule. Section 1717, subdivision (b)(2), now expressly holds that there is no prevailing party where a lawsuit is voluntarily dismissed.[1]

Cost awards are permitted under Code of Civil Procedure section 1032, however, even where an action has been voluntarily dismissed by a plaintiff.[2] The *Olen* case itself allowed the plaintiff there its costs under section 1032 notwithstanding the fact that it was not entitled to attorney's fees under Civil Code section 1717.

*Catello* v. *I.T.T. General Controls* (1984) 152 Cal.App.3d 1009 [200 Cal.Rptr. 4] held that the voluntary dismissal of a complaint in intervention immediately before trial entitled the defendant to costs as a prevailing party. Beginning with the premise that all cost awards are statutory creatures, the *Catello* court went on to reason that section 1032 is intended to compensate successful parties. Successful defendants are entitled to costs where complaints are unfounded. Costs, however, are not limited to actions that actually proceed to trial: "To so limit recovery would permit an unscrupulous plaintiff with only a marginal chance at recovery and investing only the filing fee to commence an action, forcing the opposing party to engage in expensive discovery, only to dismiss the action prior to final judgment when it appeared the case was sinking, Titanic-like, beneath the waves of overwhelming adverse evidence. Undoubtedly, it was with this evil in mind that

---

[1] Civil Code section 1717, subdivision (b)(2) states: "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

[2] Code of Civil Procedure sections 1032 and 1033 were repealed by the Legislature beginning January 1, 1987, after judgment in this action was finally entered. The sections have been replaced with new sections 1032, 1033, 1033.5, 1034 and California Rules of Court, rule 870. Old Code of Civil Procedure section 1032, subdivision (b), read in pertinent part as follows: "In the superior court, except as otherwise expressly provided, costs are allowed of course:

". . . . . . . . . . . . . . . . . . .

"(b) To the defendant upon a judgment in his favor in special proceedings and in the actions mentioned in subdivision (a) of this section, or as to whom the action is dismissed . . . ."

the Legislature included an award of costs to the defendant when the plaintiff voluntarily dismissed its action." (152 Cal.App.3d at p. 1013.)

The instant case is not a common law civil suit but a mandamus action filed under Code of Civil Procedure section 1094.5. Section 1094.5, subdivision (a), empowers a trial court to order the respondent to pay the costs of preparing a record that can be reviewed by the trial court. This was done here. The prevailing party, however, is entitled to tax the costs of preparing the record.[3]

There is no reason to treat cost awards made under Code of Civil Procedure section 1032 any differently from cost awards made under Code of Civil Procedure section 1094.5. Both actions are civil lawsuits. A section 1094.5 mandamus action is merely a species within the larger genus of civil lawsuits. There is no reason why section 1032 costs could not be awarded in a section 1094.5 action.

Section 1094.5 costs necessarily include more than the cost of litigating a section 1094.5 action in superior court. They include those costs associated with the underlying administrative record at a time in the dispute when the proceedings are before an administrative tribunal rather than before the judiciary. (See *Ralph's Chrysler-Plymouth* v. *New Car Dealers Policy & Appeals Bd.* (1973) 8 Cal.3d 792, 794-797 [106 Cal.Rptr. 169, 505 P.2d 1009].) Section 1094.5, subdivision (a), ensures that the prevailing party may obtain the costs of preparing the original administrative record. To treat costs differently in section 1094.5 actions from section 1032 would unnecessarily create disparate treatment among different classes of civil litigants.

Accordingly, we conclude that the term "prevailing party" as used in section 1094.5 includes parties against whom litigation was commenced and

---

[3] Code of Civil Procedure section 1094.5, subdivision (a), reads as follows: "Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer, the case shall be heard by the court sitting without a jury. All or part of the record of the proceedings before the inferior tribunal, corporation, board, or officer may be filed with the petition, may be filed with respondent's points and authorities, or may be ordered to be filed by the court. Except when otherwise prescribed by statute, the cost of preparing the record shall be borne by the petitioner. Where the petitioner has proceeded pursuant to Section 68511.3 of the Government Code and the Rules of Court implementing that section and where the transcript is necessary to a proper review of the administrative proceedings, the cost of preparing the transcript shall be borne by the respondent. Where the party seeking the writ has proceeded pursuant to Section 1088.5, the administrative record shall be filed as expeditiously as possible, and may be filed with the petition, or by the respondent after payment of the costs by the petitioner, where required, or as otherwise directed by the court. *If the expense of preparing all or any part of the record has been borne by the prevailing party, the expense shall be taxable as costs.*" (Italics added.)

later dismissed. This would necessarily include plaintiffs who have voluntarily dismissed their actions.

The trial court here impliedly made a finding as to which party was prevailing when it entered a judgment including costs against the plaintiff. The plaintiff failed to file an objection to the cost bill by filing a timely motion to tax costs as he was required to do under Code of Civil Procedure section 1033, which was then in effect.[4] The *Olen* decision holds that a voluntary dismissal is not a final judgment. Here, however, a final judgment awarding costs was entered without objection.

■ Contrary to his assertion on appeal, it was Santos's obligation to file a motion to tax costs in the instant action. The city did not have an obligation to file a motion before it sent its cost bill to Santos. Santos's failure to file a motion to tax costs constitutes a waiver of the right to object. (*Jimenez v. City of Oxnard* (1982) 134 Cal.App.3d 856, 859 [184 Cal.Rptr. 864]; 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 124, p. 550.)

The judgment is affirmed. Appellant's motion to remand this action to the trial court so that he may pursue some variety of equitable relief to set aside his voluntary dismissal is denied. The respondent's motion for sanctions is also denied. Each side is to bear its own costs on appeal.

Hamlin, Acting P. J., and Reid, J.,* concurred.

---

[4] Section 1033 was repealed by the Legislature beginning January 1, 1987. The procedure set forth in old section 1033 has been replaced by section 1034 and California Rules of Court, rule 870.

* Assigned by the Chairperson of the Judicial Council.