[No. B077774. Second Dist., Div. One. Aug. 3, 1994.]

TERI DOUGLAS et al., Plaintiffs and Appellants, v.
JACK STEVE WILLIS, Defendant and Respondent.

COUNSEL

David R. Olan for Plaintiffs and Appellants.

Jack Willis, in pro. per., for Defendant and Respondent.

OPINION

**ORTEGA, Acting P. J.**—We affirm the trial court's order denying Code of Civil Procedure section 473 (hereafter section 473) relief for plaintiffs' failure to timely file a motion to tax costs.

## Background

Plaintiffs Teri and Richard Douglas attended counseling for several years at the Family Counseling Center. Eventually learning that the counselor, Miriam Tarsky, was unlicensed, plaintiffs sued Tarsky, the center, and its operator Jack Steve Willis.

Willis claimed the center was really a church, the "Temple of the Human Spirit," and Tarsky was a minister. Plaintiffs settled with Tarsky for $50,000. A jury gave them judgment against the center for $37,500, but assessed no damages against Willis, although finding he had made negligent representations to plaintiffs. The center was entitled to a setoff for the Tarsky settlement, so plaintiffs realized no net monetary recovery from the trial.

Claiming to be a prevailing party, Willis filed a cost bill. Plaintiffs failed to timely move to tax costs, and the trial court entered a costs order of over $16,000 for Willis, after refusing to hear the merits of plaintiffs' motion to tax. Three days later, plaintiffs filed a section 473 motion for relief from the court's ruling. Plaintiffs' counsel accompanied the motion with a declaration admitting his negligence in filing a late motion to tax.

Rejecting the credibility of counsel's declaration, the trial court denied section 473 relief. The statute provides in part that if an application for relief "is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, [the court shall] vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

■ Although both sides raise a plethora of issues in their appellate briefs, the determinative question is whether the costs order constituted a "default judgment" for purposes of the mandatory relief provisions of section 473. If so, plaintiffs were entitled to have the costs order set aside and their motion to tax heard on the merits, including the question of whether Willis was a prevailing party. (For purposes of our discussion on this point, we set aside the fact that the trial court found counsel's excuse lacked credibility.) If not, the question of relief was within the trial court's discretion.

## Discussion

■ The "failure to file a motion to tax costs constitutes a waiver of the right to object. [Citations.]" (*Santos* v. *Civil Service Bd.* (1987) 193

Cal.App.3d 1442, 1447 [239 Cal.Rptr. 14].) ▮▮▮ Accordingly, since we find that the trial court did not err in refusing to grant section 473 relief, we need not discuss whether Willis was in fact a prevailing party.

Separate court rules deal with costs incurred on appeal and at trial. On appeal: "In any case in which the reviewing court directs the manner in which costs shall be awarded or denied, the clerk shall enter on the record and insert in the remittitur a judgment in accordance with such directions." (Cal. Rules of Court, rule 26(b).) "After the costs have been taxed, or after the time for taxing the costs has expired, the award of costs may be enforced in the same manner as a money judgment." (Cal. Rules of Court, rule 26(d). See rule 135 for similar provisions on appeal to the superior court.)

At trial: "After the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk shall enter the costs on the judgment forthwith." (Cal. Rules of Court, rule 870(b)(4).) Rule 870.4 provides that as to an unlawful detainer action, such costs can be enforced as a money judgment. But rule 870 does not contain a similar provision.

(3) "In other words, *trial court costs* are a mere incident of the main judgment, and not separately enforceable [citation], but after appeal, there may be a new trial with even a further appeal, and the proceedings may cover a long period of time. Accordingly, the award of *costs on appeal,* when properly allowed in the trial court, represents an independent *judgment* . . . ." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 681, p. 654.)

▮▮▮ While not dealing directly with our issue, the following discussion at least implies that the mandatory provisions of section 473 do not apply: "The time limit is mandatory and failure to timely file and serve a cost bill may result in waiver of costs. [*Hydratec, Inc.* v. *Sun Valley 260 Orchard & Vineyard Co.* (1990) 223 CA3d 924, 929 . . .] [¶ . . . However, the trial court has discretionary power to grant relief under [Code of Civil Procedure section] ˙473 for 'inadvertence' or 'excusable mistake.' [*Id.* at p. 927.]" (Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 1993) §§ 17:134-17:135.) "Delay (or failure) to challenge a costs bill waives any objection to the costs claimed thereon. However, the court presumably has discretion to grant relief under [Code of Civil Procedure section] 473 for 'inadvertence' or 'excusable neglect' to consider late-filed motions." (Wegner et al., Cal. Practice Guide: Civil Trials and Evidence, *supra,* at § 17:143.)

In *Ayala* v. *Southwest Leasing & Rental, Inc.* (1992) 7 Cal.App.4th 40 [8 Cal.Rptr.2d 637], an arbitration award was entered in favor of plaintiffs. Defendants failed to timely file a de novo trial request and the arbitration

award was entered as a judgment. Citing the mandatory provisions of section 473, defendants moved to set aside the judgment, and accompanied their motion with their attorney's certificate of neglect. The appellate court rejected the argument that relief was mandatory. "The mandatory portion of . . . section 473 is not applicable because there was neither a default judgment nor a default which would result in the entry of a default judgment in this case. [¶] . . . [¶] . . . [Defendants] not only answered the complaint, they also participated in discovery and in an arbitration hearing." (7 Cal.App.4th at pp. 43-44.)

Here, plaintiffs not only initiated the action by filing a complaint, they participated in discovery and in a trial.

Accordingly, we find the costs order did not constitute either a "default" or a "judgment" for purposes of the mandatory provisions of section 473.

Plaintiffs seek to distinguish *Ayala*: "In *Ayala* the defendants had their 'day in court[;]' they participated in the arbitration hearing. In the instant case, by contrast, [plaintiffs] never received [their] 'day in court' on the post-trial determination of . . . costs." (Italics and fn. omitted.) We reject the attempt to distinguish *Ayala* because we find that the Legislature, as discussed below, did not intend the mandatory provisions of section 473 to apply to a costs bill or a motion to tax costs.

Section 473 has undergone several amendments in the past few years. Language from the 1988 amendment provides: "Notwithstanding any other requirements of this section, the court *shall*, whenever an application for relief is timely, in proper form, and accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any resulting default judgment entered against his or her client . . . ." (Stats. 1988, ch. 1131, § 1, p. 3631, italics added.)

The 1988 version of the section, however, applied only to default judgments against defendants, and not to dismissals of plaintiffs' cases. "It is easy to imagine the disastrous financial losses that may result when attorney neglect causes a default judgment to be entered against an unsuspecting defendant. While attorney negligence obviously affects plaintiffs as well, and may wreak havoc on their chances of recovery, the Legislature may have concluded that a plaintiff's loss of future gain, while serious and disturbing, lacks the urgency of a defaulting defendant's immediate loss of property or other rights." (*Billings* v. *Health Plan of America* (1990) 225 Cal.App.3d 250, 257 [275 Cal.Rptr. 80].)

Subsequent amendments to section 473 were apparently in response to *Billings*. The 1991 version, effective January 1, 1992, extended the attorney

affidavit of fault procedure to entry of the clerk's default. It also eliminated the timeliness/diligence requirement with reference to an attorney affidavit, and required only that the motion be filed within six months after entry of judgment. (Stats. 1991, ch. 1003, § 1.)

Section 473 was amended twice in the 1992 legislative session, the first amendment appearing to do nothing more than substitute "the attorney's" for "his or her." (Stats. 1992, ch. 427, § 16.) The second amendment, effective January 1, 1993, took the final step and extended the mandatory procedure to dismissals of plaintiffs' cases. (Stats. 1992, ch. 876, § 4.) (It also changed back to "his or her," thus apparently undoing the earlier 1992 amendment. [Stats. 1992, ch. 876, § 4.])

But while the Legislature apparently recognized that a plaintiff's loss of potential future gain was serious enough to warrant the extension of mandatory relief, nothing indicates the Legislature so evaluated a default on the ancillary matter of trial costs. While costs can be substantial, as here, they are generally not sufficient to inflict disaster or wreak havoc on those upon whom they are imposed. We see nothing to indicate this subject would have provoked the Legislature to make relief mandatory. We find the *Ayala* rationale applicable and persuasive.

The standard of review is thus abuse of discretion. (*Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 233 [211 Cal.Rptr. 416, 695 P.2d 713].) We discern no such failure in the trial court's denial of relief. The court plainly made a finding of fact in rejecting plaintiffs' proffered excuse. We need discuss the matter no more than to point out that the court did not believe counsel's explanation. ("The Court: Okay, Mr. Olan, that is where we have a certain credibility problem. Because you're telling me that you knew that you had to file a motion and you just—and you prepared the motion in a timely fashion—and you just let it sit there thinking that you would come down with the motion the day it was going to be heard, a date that the other side would have set— [¶] Mr. Olan: Your Honor, there are— [¶] The Court: Mr. Olan, I don't believe it.") Our jurisdiction does not extend to overturning a trial court's justified factual determinations.

Plaintiffs have raised no argument as to the propriety of any orders concerning the center, which was dismissed from the appeal by plaintiffs' stipulation filed on July 7, 1994. Accordingly, to the extent their notice of appeal might encompass any such orders, plaintiffs have waived the issues.

## Disposition

The judgment is affirmed.

Vogel (Miriam A.), J., and Masterson, J., concurred.