Filed 2/27/13  Turner v. Cal. Parole Advocacy Program CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| STEPHEN B. TURNER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA PAROLE ADVOCACY PROGRAM et al.,<br><br>    Defendants and Respondents. | A135929<br><br>(Alameda County<br>Super. Ct. No. RG 11591586) |

## I. INTRODUCTION

Appellant, appearing in pro per, appeals from a cost award in the amount of $1,270 entered by the Alameda County Superior Court after appellant had voluntarily dismissed a 12-count action he had filed against respondents, the California Parole Advocacy Program (hereafter CPAP) and its Northern California Director, Andrew Walker.  The action alleged that those respondents had inadequately represented him in a parole revocation hearing which was determined adversely to him.  We find this appeal to be without merit and, indeed, bordering on the frivolous.  We thus affirm the cost award order of the superior court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In April 2011, appellant, at the time on parole for prior, albeit unstated, offenses, was staying in a motel in Hayward, California.  Three agents of the agents from the California Department of Adult Parole Operations arrived at his room to, allegedly, perform a "parole sweep."  The agents allegedly found pornographic material on a

1

computer in his room, although appellant maintained that he had no knowledge of how that material got onto his computer. Nonetheless, he was detained on a parole revocation charge.

Appellant retained CPAP to assist him in his forthcoming parole revocation hearing. CPAP is, according to appellant's since-dismissed complaint, an organization "affiliated with the University of Pacific, McGeorge School of Law and has a contract with the State of California to provide legal representation to parolees charged with parole-revocation charges. [Respondent] Andrew S. Walker . . . is believed by the plaintiff to be the director of [CPAP] for Northern California."

On May 13, 2011, appellant had a pre-revocation hearing before a Deputy Commissioner in Dublin, California. Appellant was represented by an attorney apparently retained by CPAP. At the hearing, appellant allegedly requested that (1) he be given a polygraph examination to prove his innocence and (2) his computer be "forensically tested." The Commissioner allegedly told appellant that neither alternative could be performed by the State, and his attorney allegedly advised him that CPAP "did not have the money to test his computer" and that even if they did the "results of the testing could possibly take up to" three months. Again, according to his complaint against CPAP, he "therefore accepted a parole-revocation offer" from the Commissioner for six-months eligible for half-time credit, but allegedly did so "under duress."

On August 31, 2011, appellant filed and served CPAP and Walker (and other named defendants who are not respondents in this appeal) with a complaint alleging 12 causes of action. These included violation of due process under both the federal and California Constitutions, breach of fiduciary duty, gross negligence, negligence, ineffective assistance of counsel, negligent infliction of emotional distress, intentional infliction of emotional distress, reckless misconduct, malice, violation of the exclusionary rule, breach of the standard duty of care, and negligence per se.

2

Respondents apparently filed a demurrer and motion to strike this complaint on October 3, 2011.[1]  Appellant apparently filed an amended complaint against the same parties on November 7, 2011.  On December 5, 2011, appellant filed a request for voluntary dismissal of his action without prejudice, a dismissal which was "entered as requested" on that date.  Apparently, he subsequently refiled essentially the same action in federal court.[2]

On, apparently, December 13, 2011, respondents filed a memorandum of costs, seeking (again, apparently) the $1,270 award later authorized by the trial court.  On February 14, 2012, after the deadline for filing such a motion had passed (see Cal. Rules of Court, rule 3.1700(b)(1)), appellant filed a motion to strike respondents' memorandum of costs.  On March 28, 2012, the trial court denied appellant's motion and entered a judgment for those costs against him.  Thereafter, appellant apparently filed, and respondents apparently opposed, a motion to set aside that judgment.[3]  That motion was denied by the trial court on July 3, 2012.

Appellant filed a timely notice of appeal on July 10, 2012.

### III. DISCUSSION

For several separate and distinct reasons, appellant's appeal fails.  First of all, as one of our sister courts has stated:  "A costs award is reviewed on appeal for abuse of discretion.  [Citations.]  This means we must determine 'whether the trial court exceeded

---

[1] We say "apparently" here—and also hereafter regarding other pleadings respondents state were filed—because neither party has provided us a copy of the referenced pleading in either the clerk's transcript or any appendix.  Indeed, in their brief to us, and contrary to California Rules of Court, rule 8.204(a)(1)(C), respondents provide us with no citations whatsoever to the clerk's transcript nor, as noted, did they file any appendix with this court.

[2] Per respondents' brief to us, federal District Judge Hamilton dismissed this action *with prejudice* without any appearance by the named defendants.  Appellant does not dispute this fact in his reply brief.

[3] Neither document has been supplied to us by either party.  However, and rather remarkably, the clerk's transcript does include a copy of appellant's brief responding to respondents' opposition to his motion to set aside the judgment.

3

the bounds of reason.' [Citation.]" (*El Dorado Meat Co. v. Yosemite Meat & Locker Service, Inc.* (2007) 150 Cal.App.4th 612, 617.)  As other courts have framed it, "[T]he term judicial discretion implies absence of arbitrary determination, capricious disposition, or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason. To exercise the power of judicial discretion, all the material facts must be known and considered, together also with the legal principles essential to an informed, intelligent and just decision. [Citation.]" (*Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 796; see also *Todd v. Thrifty Corp.* (1995) 34 Cal.App.4th 986, 990.)  Among many other things not contained in the record provided us is the cost bill itself, a bill amounting, as noted above, to $1,270.  Without such, it borders on the impossible for this court to determine that there was an abuse of discretion for the trial court to deny appellant's motion to strike the cost bill filed by respondents.

Second, even per his brief to us and the sparse clerk's transcript provided us, appellant's motion to strike respondents' cost bill was untimely.  As noted above, California Rules of Court, rule 3.1700(b)(1), provides that "[a]ny notice of motion to strike or to tax costs must be served and filed 15 days after service of the cost memorandum.  If the cost memorandum was served by mail, the period is extended as provided in Code of Civil Procedure section 1013."  The case law is clear that this provision means what it says and that a failure to file a timely challenge to a cost bill waives the right to contest it later on appeal.  (See, e.g., *Douglas v. Willis* (1994) 27 Cal.App.4th 287, 289-290; *Santos v. Civil Service Bd.* (1987) 193 Cal.App.3d 1442, 1447; 7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 145, p. 679.)

In his briefs to us, appellant states that, the day before the cost bill was filed by respondents, i.e., on December 12, 2011, he was arrested for another "alleged parole violation" and, on December 15, 2011, "transferred to Santa Rita County Jail in Dublin, California," where he "was incarcerated for approx. 7 weeks" and "housed in an isolation cell with limited outside communication" and hence "never received notice from defendant's [sic] counsel regarding their cost memorandum."  Thus, he continues, he had "no notice or knowledge whatsoever of defendants' cost memorandum," and learned

4

about it after his release from his ex-wife. Appellant argues that this state of affairs triggers the doctrine of "equitable tolling" under which the time limits of the applicable court rule should not have been applied.

However, even assuming that this claimed state of affairs would excuse appellant from filing a motion to tax costs within the required time period, appellant has provided us with no record whatsoever verifying his claims of incarceration and inability to receive or learn of the filing and service of respondents' memorandum of costs. In the trial court, appellant did submit a declaration claiming that he had been incarcerated from December 12, 2011, until January 22, 2012, and thus he "never received the defendants' cost memorandum . . . nor did I have any knowledge of its existence at any time while in custody." However, appellant only provided the trial court with his own declaration on this subject, with absolutely no supporting evidence of either his incarceration or other legally-cognizable unavailability. Nor does he provide any evidence supporting his assertion that his confinement in jail made it impossible for him to learn about the filing of respondents' cost bill, i.e., the address to which that cost bill was sent by appellants, the unavailability of any forwarding process, etc. As another appellate court has held, "the losing party has the burden *to present evidence and prove* that the claimed costs are not recoverable." (*Seever v. Copley Press, Inc.* (2006) 141 Cal.App.4th 1550, 1557, emphasis supplied.) Appellant failed to do so here, and thus his argument regarding the timeliness of his motion fails.

Third, under Code of Civil Procedure section 1032, subdivision (a)(4), respondents were clearly the prevailing parties. Contrary to appellant's lengthy arguments in his briefs,[4] neither the federal Constitution nor the "preemption doctrine" dictates, or even supports, the concept that California law is not controlling here. And that law states very clearly that a "prevailing party" includes one in whose favor a

---

[4] In those briefs, appellant (clearly not an attorney) submits scores of single-spaced summaries of and quotations from federal cases in support of his contention that provisions of the federal Constitution and the doctrine of preemption preclude the award of costs in this case. We simply will not dignify this argument here with any response.

5

voluntary dismissal has been entered.  (See, e.g., *Carver v. Chevron USA, Inc.* (2002) 97 Cal.App.4th 132, 150; *Catello v. I.T.T. General Controls* (1984) 152 Cal.App.3d 1009, 1012-1014; *International Industries, Inc. v. Olen* (1978) 21 Cal.3d 218, 221.)

## IV. DISPOSITION

The trial court's judgment awarding respondents their costs is affirmed.

_____
Haerle, Acting P.J.

We concur:


_____
Lambden, J.


_____
Richman, J.