Filed 6/16/15  Williams v. Law Offices of Carlin & Buchsbaum CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| YOULANDA O. WILLIAMS, | B257137 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC448650) |
| v. | |
| THE LAW OFFICES OF CARLIN & BUCHSBAUM et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles, Michael Stern, Judge.  Affirmed.

Paul Kujawsky attorney for Youlanda O. Williams, Plaintiff and Appellant.

Law Offices of Carlin & Buchsbaum, Gary R. Carlin and Ronald L. Zambrano attorneys for Defendants and Respondents.

———————————————

Appellant Youlanda Williams challenges the order of costs entered by the trial court. As the record demonstrates that Williams failed to file a motion to tax costs, the issue has been forfeited. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Youlanda Williams sued her attorneys, the Law Offices of Carlin & Buchsbaum and Gary Carlin (law firm) after they had represented her in her claims against the Los Angeles Unified School District. In November, 2011, the trial court entered judgment on the law firm's motion for summary judgment, and Williams appealed. In a decision filed on March 27, 2013, this court affirmed the judgment, and ordered costs on appeal to the law firm.[1]

The law firm had filed and served a memorandum of costs as prevailing party on November 16, 2011 and filed an additional memorandum of costs on appeal after the remittitur issued. Williams did not file a timely objection or a motion to tax costs and, on April 11, 2014, the court awarded costs in the amounts requested.[2] Williams appeals, asserting that one of the cost items, for electronic legal research, was improperly awarded.

## DISCUSSION

California Rules of Court, Rule 3.1700, requires a motion to strike or tax costs to be served and filed within 15 days after service of the memorandum of costs. (Cal. Rules of Court, rule 3.1700(b)(1).) In this case, Williams was therefore required to file a motion addressing the trial costs in December, 2011. The memorandum of costs on

---

[1]    The opinion in case B236992 was not published. The background statement of facts is based on that opinion.

[2]    Although Williams filed a document with the trial court referring to an objection on June 12, 2013, the objection is not in the record before this court, and there is no record that a motion to tax costs was ever filed. Even if the document was in the record, and was properly construed as a motion to strike or tax, it was untimely.

2

appeal, served on May 3, 2013, required Williams to file a motion as to those costs no later than May 23, 2013.  (Code of Civ. Proc., § 1013.)  The record contains no motion to strike or tax costs filed at either time.

Williams argues on appeal that the award of costs for electronic legal research was unauthorized.  However, her failure to file a timely motion on this ground, or any ground, has forfeited her right to challenge the costs.  (*Douglas v. Willis* (1994) 27 Cal.App.4th 287, 289 [failure to file motion to tax waives the right to object]; *Santos v. Civil Service Bd.* (1987) 193 Cal.App.3d 1442, 1447 [failure to file motion is a "waiver of the right to object."]; *Hydratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co.* (1990) 223 Cal.App.3d 924, 929 [failure to file is a waiver; time provisions are mandatory].)

Accordingly, William's challenge has been forfeited, and we affirm.

## DISPOSITION

The order is affirmed.  Respondents are to recover their costs on appeal.

ZELON, J.

We concur:

PERLUSS, P. J.

STROBEL, J. [*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution