Filed 2/11/26  Kirk v. Quirino CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| GORDANA KIRK,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JESUS QUIRINO, JR.,<br><br>    Defendant and Respondent. | B340782<br><br>(Los Angeles County<br>Super. Ct. No. BC630772) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James A. Kaddo, Judge.  Affirmed.

Law Office of Gabor Szabo, Gabor Szabo for Plaintiff and Appellant.

Behar, Gibbs, Savage, Paulson, Win D. Doan, Mark P. LaScola for Defendant and Respondent.

_____

# INTRODUCTION

Gordana Kirk sued Jesus Quirino, Jr. in 2016 in connection with a car accident. The trial court entered judgment in Quirino's favor after a jury trial and awarded costs to Quirino without specifying the amount. This court affirmed the judgment on appeal and awarded Quirino appellate costs. After the remittitur issued, Quirino filed a proposed amended judgment that awarded him $40,674 in trial costs based on an undisputed memorandum of costs filed and served in 2022, and $5,203 in appellate costs. Kirk objected to the amended judgment, contending Quirino's 2022 trial costs memorandum was not properly served on her attorney and that it also failed to meet various other procedural requirements. After considering the parties' briefs and arguments, the trial court entered the amended judgment. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Kirk sued Quirino, alleging his negligent driving caused their car accident. The case proceeded to trial and, in December 2021, the jury returned a defense verdict, finding that Quirino was not negligent. Judgment was entered on January 6, 2022. The judgment stated, in relevant part, "Plaintiff Gordana Kirk shall have and recover nothing by reason of her complaint against Defendant Jesus Quirino, Jr., and that Defendant Jesus Quirino, Jr. shall have and recover from Plaintiff Delvin Manuel costs and fees in an amount to be as stated in the Memorandum

2

of Costs."[1]  Quirino filed a memorandum of costs on January 21, 2022, seeking from Kirk $40,674.98 in costs, comprised principally of court reporter fees and witness fees.  The proof of service stated the memorandum of costs was mailed to Kirk's attorney at an address in Century City, California.

On February 3, 2022, Kirk filed a motion for a new trial.  The new trial motion was heard and denied on March 1, 2022.  At the new trial hearing, Quirino's counsel requested costs be awarded, and Kirk's counsel stated he never received the memorandum of costs.  The docket revealed Kirk's counsel had submitted a change of address in 2020 notifying the court and Quirino's counsel that his office had moved from Century City to Beverly Hills.  The court ordered Quirino to serve his memorandum of costs by email to eserveszabolaw@yahoo.com and by mail to the address in Beverly Hills.

Quirino served the memorandum of costs on Kirk's attorney the same day (March 1).  The record contains two separate proofs of service:  one states the memorandum of costs was served by mail on Kirk's attorney at the previous address in Century City, and the other states it was served by mail at the address in Beverly Hills and by email to gaborszaboesq@yahoo.com and eserveszabolaw@gmail.com (neither of which was the email address specified by the trial court).  Quirino refiled the memorandum of costs with the trial court on March 11, 2022, attaching the two proofs of service.  Kirk did not file a motion to tax or strike costs, and the trial court does not appear to have ruled on the memorandum of costs.

_____

[1]     As explained in the Discussion, the reference to Delvin Manuel was erroneous because the only plaintiff in this matter is Kirk.

Kirk filed a notice of appeal from the judgment on March 7, 2022.  In an opinion dated January 9, 2024, this court affirmed the judgment and awarded Quirino his costs on appeal.  Kirk then filed a petition for rehearing, which was denied.  Kirk's petition for review in the California Supreme Court was also denied, and this court issued the remittitur on April 15, 2024.  The parties did not raise the issue of Quirino's entitlement to trial costs during the first appeal in this case.

On April 30, 2024, Quirino filed a memorandum of costs on appeal in the trial court.  Kirk did not move to tax or strike the costs on appeal.  On June 5, 2024, Quirino filed a proposed amended judgment in favor of Quirino which added, in pertinent part:  "Thereafter, and as stated in the Memorandum of Costs, filed with the Court on both January 21, 2022, and March 11, 2022, Defendant Jesus Quirino, Jr. was entitled to recover costs of suit, in the amount of $40,674.98.  Plaintiff Gordana Kirk did not file a motion to tax and/or strike these costs. . . . [¶] . . . Remittitur was issued on April 15, 2024, with Defendant Jesus Quirino, Jr. awarded his costs.  On April 30, 2024, Defendant Jesus Quirino, Jr. filed his memorandum of costs on appeal, seeking the amount of $5,203.99.  Plaintiff Gordana Kirk did not file a motion to tax and/or strike these costs."

Kirk objected to the proposed amended judgment on the ground that "[t]here was no judgment entered against Gordana Kirk for recovery of costs."  Kirk argued the 2022 judgment called for costs to be recovered from "Delvin Manuel" and that judgment was final and could not be amended to award costs against Kirk.  Kirk also argued the memorandum of costs was not timely or properly served in 2022 and failed to meet other procedural requirements.  In a declaration, Kirk's attorney attested he "has

4

never received the alleged service" of the 2022 memorandum of costs and "[a]fter diligent search and reasonable inquiry, incoming mail records do not indicate the receipt of Defendant's memorandum of costs on the case." Kirk's attorney averred he was not aware of the memorandum of costs until "the [Proposed] Amended Judgment on Special Verdict was filed on June 5, 2024."

The trial court set a hearing to address the proposed amended judgment. On August 16, 2024, the court conducted the hearing and, after considering the parties' papers and arguments, it entered an amended judgment largely based on the amended judgment proposed by Quirino. Neither party requested a statement of decision. Nor is there a reporter's transcript of the hearing.

The amended judgment was entered on August 16, 2024, against Kirk for trial and appellate costs totaling $45,878.97. Kirk timely appealed.

## DISCUSSION

A. *Governing Law and Standard of Review*

The prevailing party in an action is entitled as a matter of right to recover costs of suit in any action or proceeding. (See *Santisas v. Goodin* (1998) 17 Cal.4th 599, 606; Code Civ. Proc., § 1032, subd. (b).)[2] A "prevailing party" includes a defendant from whom a plaintiff does not recover any relief. (§ 1032, subd. (a)(4).) The prevailing party must "serve and file"

---

[2] All undesignated statutory references are to the Code of Civil Procedure.

a memorandum of costs within 15 days after service of notice of entry of judgment or within 180 days after entry of judgment, whichever occurs first. (§ 664.5; Cal. Rules of Court, rule 3.1700(a).)[3] "[T]he court may extend the times for serving and filing the cost memorandum or the notice of motion to strike or tax costs for a period not to exceed 30 days." (Rule 3.1700(b)(3).) Failure to timely serve and file a memorandum of costs may result in a forfeiture of costs. (See *Hydratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co.* (1990) 223 Cal.App.3d 924, 929.)

The opposing party may dispute any or all of the items in the memorandum of costs by filing a motion to strike or tax costs. (Rule 3.1700(b).) Failure to challenge a memorandum of costs forfeits any objection to the costs claimed therein. (See *Douglas v. Willis* (1994) 27 Cal.App.4th 287, 290 (*Douglas*); see also *Santos v. Civil Service Bd.* (1987) 193 Cal.App.3d 1442, 1447 (*Santos*).) "After the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk must immediately enter the costs on the judgment." (Rule 3.1700(b)(4); *Chodos v. Borman* (2015) 239 Cal.App.4th 707, 714-715 (*Chodos*) [entry of costs may occur on appeal]; see *Hernandez v. Siegel* (2014) 230 Cal.App.4th 165, 171-172 ["Where costs are established by the judgment, but the amount of the award is ascertained at a later time, the court clerk enters the costs on the judgment after the amount is determined"].)

Generally, we review a trial court's award of costs for abuse of discretion. (See *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.) We review for substantial evidence when the appeal

---

[3]     All undesignated rule references are to the California Rules of Court.

challenges the trier of fact's resolution of disputed factual questions. We must " 'view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor.' " (*Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1053.) "Where . . . the determination of whether costs should be awarded is an issue of law on undisputed facts, we exercise de novo review." (*City of Long Beach v. Stevedoring Services of America* (2007) 157 Cal.App.4th 672, 678; accord *Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799.)

"All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent." (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563.) Where, as here, no reporter's transcript is provided, "review is limited to determining whether any error 'appears on the face of the record.' " (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 325.)

"Procedural defects which do not affect the substantial rights of the parties do not constitute reversible error." (*Lever v. Garoogian* (1974) 41 Cal.App.3d 37, 40; accord *Bed, Bath & Beyond of La Jolla, Inc. v. La Jolla Village Square Venture Partners* (1997) 52 Cal.App.4th 867, 884.) "The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties." (§ 475.) Accordingly, appellate courts will reverse only upon an appellant's showing of prejudicial error. (See *F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107 [the California Constitution permits reversal only if an error " 'resulted in *a miscarriage of justice*' "]; Cal. Const., art. VI, § 13.) " 'No form of civil trial error

7

justifies reversal . . . where in light of the entire record, there was no actual prejudice to the appealing party.' " (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 801.)

B.    *Kirk Has Not Demonstrated the Trial Court Abused Its Discretion by Entering the Amended Judgment*

Kirk challenges the portion of the amended judgment that awards Quirino $40,674.98 for his trial court costs.[4]  Kirk contends that Quirino failed:  (1) to timely and properly serve the memorandum of costs in 2022; (2) to comply with other "statutory" prerequisites for an award of costs; and (3) to request that the judgment be corrected to replace the name Delvin Manuel with Gordana Kirk before it became final.  As we shall explain, these contentions are forfeited and, even if considered on the merits, they are unpersuasive.

As stated, " ' "[a]ll intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent." ' " (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563.)  We conclude there is substantial evidence to support the trial court's implied finding that Quirino served Kirk's attorney in 2022 with the memorandum of costs.  The record establishes Quirino's attorney raised the issue of the memorandum of costs at the new trial hearing on March 1, 2022.  When Kirk's attorney stated he had not received the memorandum of costs, the court ordered Quirino to serve Kirk by email and by mail.  A March 1, 2022 proof of service reflects the memorandum of costs was served on Kirk's attorney by mail at

---

[4]    Kirk does not challenge the award of appellate costs in the amount of $5,203.99.

8

the Beverly Hills address specified by the trial court. Although Kirk focuses on the fact that Quirino's attorney served the memorandum of costs via email using the wrong email addresses, Kirk's opening brief does not dispute her attorney was served by mail. Further, the record shows the two email addresses Quirino's counsel used have both been listed by Kirk's attorney in trial court filings. Kirk's attorney even listed those two email addresses in his objection to Quirino's proposed amended judgment.

Based on these facts, the trial court could reasonably reject Kirk's attorney's assertion that he did not receive the memorandum of costs in 2022 and was not aware of the $40,674.98 costs bill until 2024, when Quirino filed the proposed amended judgment. It follows from the trial court's rejection of Kirk's service arguments and its implied finding that Kirk was timely and properly served that Kirk had the opportunity to challenge the costs bill in 2022 by filing a motion to tax costs, but failed to do so.[5] As a result, she has forfeited her objections to the

---

[5] We reject Kirk's due process argument because the record supports the trial court's finding that Quirino served Kirk in 2022 with the memorandum of costs, and Kirk thus had notice and an opportunity to defend. (*Rockefeller Technology Investments (Asia) VII v. Changzhou SinoType Technology Co., Ltd.* (2020) 9 Cal.5th 125, 139 ["Service of process . . . protects a defendant's due process right to defend against an action by providing constitutionally adequate notice of the court proceeding."].) We also reject Kirk's argument that the doctrine of laches precluded entry of the amended judgment because she has not demonstrated how she was prejudiced by any delay in seeking an amended judgment. (See *City of Hesperia v. Lake Arrowhead Community Services Dist.* (2023) 93 Cal.App.5th 489,

costs claimed therein. (See *Douglas, supra,* 27 Cal.App.4th at p. 290; *Santos, supra,* 193 Cal.App.3d at p. 1447.)

But even considering Kirk's arguments on the merits, she fails to demonstrate the trial court abused its discretion or that she was prejudiced by any error. First, Kirk argues that Quirino is not entitled to any costs because, although allowed by the trial court, service of the memorandum of costs on March 1, 2022, was untimely. According to Kirk, the notice of judgment was "filed and served by the clerk on January 6, 2022," and Quirino needed to serve the memorandum of costs within 45 days (15-day deadline specified in rule 3.1700(a) plus 30-day extension permitted by rule 3.1700(b)(3)) or February 25, 2022. But Kirk did not object when the court ordered Quirino to serve Kirk's attorney at the proper addresses on March 1, 2022, three days after the 45-day deadline. She has thus forfeited the issue. (*Yeung v. Soos* (2004) 119 Cal.App.4th 576, 583 [issues cannot be raised for the first time on appeal].) And the trial court had discretion to excuse Quirino's late filing and service under section 473, subdivision (b). (See *Russell v. Trans Pacific Group* (1993) 19 Cal.App.4th 1717, 1725-1726 [procedures for claiming costs are mandatory, although not jurisdictional, so that court may relieve party under section 473 for filing untimely cost bill]; *Jones v. John Crane, Inc.* (2005) 132 Cal.App.4th 990, 1012.)

Second, to the extent Kirk contends the trial court lacked authority to amend the judgment to specify the amount of costs and fees and to correct the misidentification of the plaintiff, well-

---

511 ["To establish . . . laches, a defendant must show that the plaintiff unreasonably delayed . . . , together with either the plaintiff's acquiescence in the conduct about which it complains *or* prejudice to the defendant because of the delay."].)

10

established law is to the contrary.  A trial court has the power to correct clerical errors in the judgment at any time, even after the judgment is affirmed on appeal.  (See *In re Marriage of Boblitt* (2014) 223 Cal.App.4th 1004, 1028; see also *Chodos*, *supra,* 239 Cal.App.4th at pp. 714-715 [judgment may be modified on appeal to include trial court costs claimed in cost memorandum]; cf. *Bree v. Beall* (1981) 114 Cal.App.3d 650, 655-656 [judgment may be corrected nunc pro tunc to reflect prevailing party in its corporate capacity, rather than individual capacity].)

Kirk provides no authority to the contrary.  *Aspen Internat. Capital Corp. v. Marsch* (1991) 235 Cal.App.3d 1199, 1204 (*Aspen*) does not help Kirk.  *Aspen* explained that clerical errors in a judgment may be corrected, while judicial error may not. *Aspen* explained, " ' "The term 'clerical error' covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function.  If an error, mistake, or omission is the result of inadvertence, but for which a different judgment would have been rendered, the error is clerical and the judgment may be corrected to correspond with what it would have been but for the inadvertence.  [Citations.]  The court has inherent power to correct such errors." ' "  (*Aspen,* at p. 1204.)  Here, there is no question the inclusion of a different plaintiff's name in the judgment was inadvertent because Kirk is the only plaintiff in the case.  Kirk does not contend that Delvin Manuel is a party in this matter.  As *Aspen* explains*,* this was a clerical rather than a judicial error that the trial court had inherent power to correct.

Third, we are not persuaded by Kirk's argument that any purported procedural errors in serving the memorandum of costs require reversal.  The relevant proof of service showed the memorandum of costs was mailed to Kirk's attorney at his

11

Beverly Hills address, and the trial court impliedly found Kirk was duly served. This was sufficient to comply with the requirements to "serve and file" the memorandum of costs. (See rule 1.21(b) ["As used in these rules, unless a statute or rule provides for a different method for filing or service, a requirement to 'serve and file' a document means that a copy of the document must be served on the attorney for each party separately represented . . . when required by statute, rule, or court order, and that the document and a proof of service of the document must be filed with the court"].) To the extent Quirino did not strictly comply with the procedural requirements, as explained above, the trial court had discretion to excuse his deficient service.

But even assuming the trial court erred, Kirk fails to demonstrate she had grounds to tax any of the trial costs sought by Quirino. The court's award of costs is ministerial, and all the trial costs sought by Quirino are expressly allowed to be recovered by the prevailing party under section 1032. (See § 1033.5, subd. (a) [items allowable as costs under section 1032 include filing and motion fees, jury fees, deposition costs, witness fees, court reporter fees, and trial exhibit costs].) Kirk has failed to demonstrate "that a different result would have been probable if such error . . . or defect had not occurred or existed." (§ 475; *Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 528, fn. 3 ["the burden to demonstrate prejudice is on the appellant"].)

12

## DISPOSITION

The judgment entered August 16, 2024 is affirmed. Quirino may recover his costs on appeal.

MARTINEZ, P. J.

We concur:

SEGAL, J.                              FEUER, J.

13